27282. COE & PAYNE COMPANY v. WOOD-MOSAIC CORPORATION et al.
27283. ATLANTA FLOORING COMPANY v. WOOD-MOSAIC CORPORATION et al.
27289. C. P. COMPANY v. WOOD-MOSAIC CORPORATION et al.

GUNTER, Justice. These cases come here by writs of

certiorari to the Court of Appeals of Georgia. For a full statement of the facts giving rise to these appeals see *Coe & Payne Co. v. Wood-Mosaic Corp.,* 125 Ga. App. 845 (189 SE2d 459) (1972).

The issues in these cases decided by the Court of Appeals and to be decided here involve the interpretation and application of the Georgia Long Arm Statute (Code Ann. § 24-113.1). The Court of Appeals affirmed the judgments of the trial court, those judgments essentially holding that the direct actions, third party complaints, and cross claims filed against Wood-Mosaic Corporation and Overall Paint Company, two foreign corporations, could not be maintained in the Georgia courts under the Georgia Long Arm Statute.

The Court of Appeals held that the evidence submitted by the two foreign corporations in support of their motions for summary judgment was adequate to show that they were not transacting "any business within this state", and that jurisdiction of the two foreign corporations in the Georgia courts could not be predicated on subsection (a) of our Long Arm Statute.

The Court of Appeals also held that subsection (c) of our Long Arm Statute, enacted in 1970 and effective July 1, 1970, is not applicable in these cases, because the occurrence giving rise to these causes of action happened prior to the effective date of subsection (c). Subsection (c), which confers jurisdiction on a non-resident party who commits "a tortious injury in this State caused by an act or omission outside this State, . . ." was obviously enacted to legislatively "get around" the legal reasoning on which the decisions in *O'Neal Steel v. Smith,* 120 Ga. App. 106 (169 SE2d 827) and *Castleberry v. Gold Agency,* 124 Ga. App. 694 (185 SE2d 557) were based. Those two cases adopted the legal reasoning resulting in the New York Rule rather than that resulting in the Illinois Rule. Under the New

York Rule subsection (b) of our Long Arm Statute does not confer jurisdiction in a situation where a non-resident party commits negligence outside the state with only the injurious consequences occurring within the state. The Illinois Rule, rejected by the Court of Appeals in those two decisions, sustains jurisdiction under subsection (b) of our Long Arm Statute, its reasoning being that the negligence occurring outside the state cannot be separated from the resulting injury occurring within the state. In other words, a "tortious act" is a composite of both negligence and damage, and if damage occurred within the state then the tortious act occurred within the state within the meaning of subsection (b) of the Long Arm Statute. The Illinois Rule rejects the argument that the term "tortious act" refers only to act or conduct, separate and apart from the consequences thereof. The Illinois Rule is also based on the premise that the Long Arm Statute contemplates that jurisdiction shall be exercised over non-resident parties to the maximum extent permitted by procedural due process. Gray v. American Radiator &c. Corp., 22 Ill. 2d 432 (176 NE2d 761).

The decision of the Court of Appeals in *O'Neal Steel v. Smith,* 120 Ga. App. 106, supra, came to this court by writ of certiorari. *Smith v. O'Neal Steel,* 225 Ga. 778 (171 SE2d 519). When the application for the writ was granted in that case it was felt that this court should pass upon the meaning of subsection (b) of our Long Arm Statute, either agreeing or disagreeing with the Court of Appeals in its rejection of the Illinois Rule, because this court "deemed the question to be of gravity and importance, and particularly so because it has been decided diversely in other jurisdictions but had not been ruled upon by this court."

However, after the ruling of this court in the case of *Bauer International Corp. v. Cagles,* 225 Ga. 684 (171

SE2d 314) a majority of this court considered the question on which the application was granted to have become moot. One Justice of this court dissented because he felt that to remand the case because of *Bauer,* and not rule on the subsection (b) question, would be misleading to the bench and bar inasmuch as it would leave the original decision of the Court of Appeals in *O'Neal Steel v. Smith,* supra, in the official reports as possible authority in future litigation. It was his view that this court should either adopt the New York Rule or the Illinois Rule, and thereby settle the matter in this State.

In *Castleberry v. Gold Agency,* 124 Ga. App. 694, supra, the Court of Appeals followed its decision in *O'Neal Steel,* which was vacated after this court's remand in *Smith v. O'Neal Steel.* Unfortunately, there was no application for the writ of certiorari in *Castleberry,* and we have therefore come around full circle back to where we were when we granted the writ of certiorari in *Smith v. O'Neal Steel.* We must now decide the issue delayed there because of the remand.

We have reviewed all the cases that we can locate on this subject, and we conclude that sub-section (b) of our Long Arm Statute confers jurisdiction in the situation where the negligence occurred outside the State of Georgia and the damage resulting therefrom occurred inside the State of Georgia. We adopt the Illinois Rule.

In adopting the Illinois Rule, we are impressed by the protective policy for this state's citizens enunciated so well in the following quote from Nelson v. Miller, 11 Ill. 2d 378, 384 (143 NE2d 673) (1957): "The foundations of jurisdiction include the interest that a State has in providing redress in its own courts against persons who inflict injuries upon, or otherwise incur obligations to, those within the ambit of the State's legitimate protective policy. The limits on the exercise of jurisdiction are not 'mechanical or quantitative'

(International Shoe Co. v. Washington, 326 U. S. 310, 319)(1945), but are to be found only in the requirement that the provisions made for this purpose must be fair and reasonable in the circumstances, and must give to the defendant adequate notice of the claim against him, and an adequate and realistic opportunity to appear and be heard in his defense."

It follows that these cases are remanded to the Court of Appeals for further proceedings consistent with this opinion.

*Judgment reversed; remanded with direction. All the Justices concur, except Jordan, J., disqualified.*

ARGUED SEPTEMBER 13, 1972 — DECIDED JANUARY 4, 1973 — REHEARING DENIED JANUARY 22, 1973.

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, Stuart E. Eizenstat,* for Coe & Payne.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Robert W. Beynart, Sam F. Lowe, Jr.,* for Atlanta Flooring.

*Neely, Freeman & Hawkins, Albert H. Parnell,* for C. P. Co.

*Carter, Ansley, Smith, McLendon & Quillian, Ben Kingree, N. Forrest Montet,* for appellees.

*Donald A. Weismann, Glenville Haldi,* amicus curiae.