52641. VALUE ENGINEERING COMPANY v. GISELL et al.

CLARK, Judge.

How far does jurisdiction extend under Georgia's Long Arm Statute? That question confronts us in this

case of first impression under facts appropriate to a Twenty-first Century science fiction story.

The instant case involves a plaintiff passenger who sued Delta Air Lines, Inc. and Value Engineering Company as co-defendants. She alleges she was unnecessarily exposed to radioactive contamination which caused her to suffer physical and genetic injury with great mental anguish. Allegedly, this was due to leakage from a shipment of radioactive material packaged and consigned by Value and transported by Delta on the plane carrying her as a passenger. The record states that "The sealed source was a solid small pellet, about the size of a ballpoint pen point in a stainless steel capsule about one-half inch long, the size of a pencil."

Value Engineering Co., a Virginia corporation is a service-oriented company, not engaged in manufacturing and with no business dealings in Georgia. On April 5, 1974, it delivered to Delta's Washington freight office a shipment of radioactive material for air transport to Gamma Industries, Inc. in Baton Rouge, Louisiana. The shipment was radioactive iridium 192 placed in a container and inserted into an overpack consisting of a metal drum and a wooden form within the drum to prevent shifting during transit. At the time of delivery shipper executed the required tariff certification for Delta and accepted a uniform air bill which stated the shipment's routing and destination. Value had no control over such routing. This uniform air bill showed the shipment originated in Washington and was destined for Baton Rouge via Atlanta.

Delta Flight 311 left Washington that evening at 7:20 p.m. for Atlanta with plaintiff and 118 other passengers aboard and with Value's radioactive shipment in its cargo bin. When the flight arrived in Atlanta that same evening, the shipment was unloaded and delivered to the air freight transfer point for delivery to a Delta aircraft outbound for Baton Rouge. This plane had 38 passengers and the radioactive shipment on board. It reached its destination one hour and twenty minutes later. There the shipment was unloaded and stored for pick-up by the consignee. Two days later Gamma

Industries, Inc. received the shipment at its facility and noticed high radiation levels.

Delta cross claimed against Value as co-defendant and also filed a third-party complaint alleging jurisdiction over Value under our Long Arm Statute.

Value took appropriate procedural steps to contest the jurisdiction of the Superior Court of Fulton County. The trial court ruled adversely to Value but granted an interlocutory review certificate in which our court concurred. The essence of its jurisdictional challenge is that the radioactive material was delivered to Delta for shipment to Louisiana and not to Georgia and that it had no control over when or where the flight might land or stop. Based on this, it argues that any contact between itself and this state is "fortuitous," is not based upon any "purposeful activity" here and thus should not be the basis for an exercise of personal jurisdiction over it in Georgia courts.

1. Appellant first urges us to accept the proposition that jurisdiction must be based on the language of Code Ann. § 24-113.1 (c) rather than the more liberal requirements of subsection (b) of the statute. It is clear, however, that the General Assembly adopted subsection (c) of the Long Arm Statute not to restrict the applicability of subsection (b) but rather to liberalize the interpretation that this court had made of "tortious act or omission within this State." Since the adoption of subsection (c) the Supreme Court has reversed this court's previously limited interpretation of subsection (b) and extended the exercise of jurisdiction over nonresident parties "to the maximum extent permitted by procedural due process." *Coe & Payne Co. v. Wood Mosaic Corp.*, 230 Ga. 58, 60 (195 SE2d 399). Appellant's contention was rejected in a 1975 decision by the Northern District of Georgia in Thornton v. Toyota Motor Sales U.S.A., 397 FSupp. 476, 480. We agree with that rejection. In fact, this court indicated in *Shellenberger v. Tanner*, 138 Ga. App. 399, 406, that the contrary and opposite argument would be correct.

2. ". . . [J]urisdiction over a nonresident defendant may be exercised by virtue of Code Ann. § 24-113.1 (b) when: (1) The nonresident has purposefully done some act

or consummated some transaction with or in the forum (but the actual act or omission resulting in the injury here need not have occurred in this state). The defendant need not be physically within the forum when this act or transaction occurs and a single such instance may suffice." *Shellenberger v. Tanner,* 138 Ga. App. 399, supra, 407. In *Shellenberger* it was held that nonresident defendants whose only "contact" with Georgia lay in the plaintiff's unilateral action of buying an aircraft here which had been previously owned or repaired by nonresidents at all times outside Georgia and which had not been introduced by them into Georgia commerce were not amenable to suit in Georgia. Jurisdiction in the same case was, however, sustained over a nonresident who shipped the airplane into Georgia. And in *Coe & Payne,* 230 Ga. 58, supra, jurisdiction was upheld over a nonresident distributor who had shipped goods into this state.

Appellant urges that it is insulated from jurisdiction in Georgia because it delivered the allegedly negligently packed radioactive material to Delta with the intent that it be shipped to Louisiana and not to or through Georgia, that it was "fortuitous" that the flight landed in Atlanta en route to Baton Rouge. The fact still remains that the appellant allegedly negligently packed radioactive material on a journey through interstate commerce with knowledge from the bill of lading that it would be routed through Atlanta. Thus, it was "foreseeable that their negligent handling of these products and possessions may have tortious consequences in other states." J. Henrijean & Sons v. M. V. Bulk Enterprise, 311 FSupp. 417, 421 (W.D. Mich. 1970).

Unlike those nonresident defendants in *Shellenberger* to whom it attempts to analogize itself, apellant here took affirmative action in introducing an allegedly defective and dangerous article into the stream of commerce and now it wishes to close its eyes (and have this court do likewise) to the injuries claimed to have been sustained as a direct consequence of its own election to ship the material by interstate carrier. That it "intended" the material never to enter Georgia cannot belie the fact that it did so enter because of the appellant's action of

shipping it on a Delta flight which landed in Atlanta. Appellant started the material on its journey and cannot "wash its hands" of responsibility when damages are claimed as the result of those materials being in interstate commerce because it "intended" the ultimate destination to be Louisiana and not Georgia. Appellant has taken affirmative action the result of which, though not the intent, has been the introduction of radioactive material into this state and an alleged injury to a resident; the appellant has "sufficient causal responsibility" for the introduction of the material into Georgia to answer for injuries done here as the result. *Shellenberger v. Tanner,* 138 Ga. App. 399, 412, supra.

3. We began this opinion with the question: How far does jurisdiction extend under Georgia's Long Arm Statute? The answer is stated in a perceptive study by Georgia Professors J. Ralph Beaird and C. Ronald Ellington which appeared in 25 Mercer L. R. 265-275 (Winter 1974). There the authors analyzed the three Supreme Court cases[1] which reversed the limiting decisions of our court. The authors reached this conclusion: "For now, the clear thrust and unifying theme of these [Supreme Court] cases is commendable — within the bounds of fairness and substantial justice to the defendant, the Long Arm Statute will be applied to the limits of due process so that those who invoke the protection or benefits of the laws of Georgia, or who injure citizens or property here, will be made to answer therefor in the Georgia courts." We agree with that conclusion.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 21, 1976 — DECIDED SEPTEMBER 28, 1976 — REHEARING DENIED OCTOBER 20, 1976 —

---

[1] *Coe & Payne Co. v. Wood-Mosaic Corp.,* 230 Ga. 58 (195 SE2d 399); *J. C. Penney Co. v. Malouf Co.,* 230 Ga. 140 (196 SE2d 145); *Davis Metals, Inc. v. Allen,* 230 Ga. 623 (198 SE2d 285).

*N. Forrest Montet,* for appellant.

*M. C. Mykel, Powell, Goldstein, Frazer & Murphy, Daryll Love, Edward E. Dorsey,* for appellees.