34972. CLARKSON POWER FLOW, INC. v.
THOMPSON.
34973. CLARKSON POWER FLOW, INC. v.
SOUTHWEST GREASE & OIL (OMAHA), INC.

UNDERCOFLER, Presiding Justice.

We granted certiorari in these cases, 149 Ga. App. 284 (254 SE2d 401) (1979), in order to re-evaluate our decision in *Coe & Payne Co. v. Wood-Mosaic Corp.,* 230 Ga. 58, 60 (195 SE2d 399) (1973), where we adopted the Illinois Rule of long arm jurisdiction "based on the premise that the Long Arm Statute contemplates that jurisdiction shall be exercised over nonresident parties to the maximum extent permitted by procedural due process." We reaffirm that decision.

Code Ann. § 24-113.1(b) and (c)[1] provide for the exercise of personal jurisdiction over nonresident

---

[1]"A court of this State may exercise personal jurisdiction over any nonresident, or his executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use or possession enumerated in this section, in the same manner as if he were a resident of the State, if in person or through an agent, he: . . . (b) Commits a tortious act or omission within this State, except as to a cause of action for defamation of

tortfeasors. Prior to the adoption of subsection (c), the Court of Appeals had interpreted subsection (b) restrictively, requiring that both the tortious act and the injury must occur in Georgia to confer personal jurisdiction of our courts over the defendant. *Castleberry v. Gold Agency,* 124 Ga. App. 694 (185 SE2d 557) (1971); *O'Neal Steel v. Smith,* 120 Ga. App. 106 (169 SE2d 827) (1969). In response, the legislature enacted subsection (c), Ga. L. 1970, p. 433, and this court disapproved of the Court of Appeals' narrow construction of (b) in *Coe & Payne,* supra.[2] There, we held that "subsection (c) . . . was obviously enacted to legislatively 'get around' the legal reasoning on which the decisions in *O'Neal Steel v. Smith,* 120 Ga. App. 106 (169 SE2d 827) [1969] and *Castleberry v. Gold Agency,* 124 Ga. App. 694 (185 SE2d 557) [1971] were based." *Coe & Payne,* supra, p. 59. The General Assembly apparently approves of this interpretation of legislative intent for it has not again acted to amend these subsections.

Furthermore, we note that limitations similar to those present in subsection (c) are constitutionally mandated under subsection (b). A nonresident defendant is subject to the jurisdiction of the Georgia courts only if he has established "minimum contacts" in this state so that the exercise of jurisdiction is consistent with "'traditional notions of fair play and substantial justice.'" International

---

character arising from the act; or (c) Commits a tortious injury in this State caused by an act or omission outside this State, if the tortfeasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State; . . ." Code Ann. § 24-113.1(b)(c).

[2] "We have reviewed all the cases that we can locate on this subject, and we conclude that subsection (b) of our Long Arm Statute confers jurisdiction in the situation where the negligence occurred outside the State of Georgia and the damage resulting therefrom occurred inside the State of Georgia. We adopt the Illinois Rule." *Coe & Payne,* supra, p. 61.

Shoe Co. v. Washington, 326 U. S. 310, 316 (1945). Accord, *Timberland Equipment Ltd. v. Jones,* 146 Ga. App. 589 (246 SE2d 709) (1978) (cert. den. ); *Jet America v. Gates Learjet Corp.,* 145 Ga. App. 258 (243 SE2d 584) (1978), revd. on other grounds, 242 Ga. 307 (248 SE2d 676) (1978); *Value Engineering Co. v. Gisell,* 140 Ga. App. 44 (230 SE2d 29) (1976) (cert. den.); *Shellenberger v. Tanner,* 138 Ga. App. 399 (227 SE2d 266) (1976) (cert. den.); *Shearouse v. Paul Miller Ford Co.,* 127 Ga. App. 639 (194 SE2d 585) (1972). We thus conclude that there is no essential difference between subsections (b) and (c). The judgment of the Court of Appeals affirming the exercise of personal jurisdiction over the nonresident third-party defendant is affirmed. See *Value Engineering Co. v. Gisell,* supra.

*Judgments affirmed. All the Justices concur, except Hall and Marshall, JJ., who dissent.*

ARGUED JULY 9, 1979 — DECIDED SEPTEMBER 5, 1979 — REHEARING DENIED SEPTEMBER 25, 1979.

*Lowe, Barham & Lowe, Sam F. Lowe, Jr., Linde, Thomson, Fairchild, Langworthy & Kohn, Robert B. Langworthy,* for appellant.

*Fain & Gorby, Donald M. Fain, Nicholas C. Moraitakis,* for appellee (Case No. 34972).

*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, Ben S. Williams,* for appellee (Case No. 34973).