Michael N. SHINGLETON et al.,
Plaintiffs-Appellees,

v.

ARMOR VELVET CORPORATION et
al., Defendants-Appellants.

No. 78–2454.

United States Court of Appeals,
Fifth Circuit.

July 10, 1980.

Rehearing Denied Sept. 5, 1980.

Ware & Otonicar, Jerome C. Ware, Atlanta, Ga., for defendants-appellants.

Neely, Freeman & Hawkins, Richard P. Schultz, Atlanta, Ga., for plaintiffs-appellees.

Before INGRAHAM, RONEY and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

Defendant Armor Velvet Corp., an Alabama firm, developed an electrostatic decorating service, which it offered to wholesale buyers in the form of regional distributorship agreements. In order to promote the distributorships, Armor Velvet displayed its process in an Atlanta, Georgia, trade show, and offered "the exclusive right to conduct a patented electrostatic service operation." Plaintiffs are various distributorship purchasers, who were victorious in the district court in an action for fraudulent misrepresentation and breach of contract. Except for a remittitur order reducing the jury verdict by $6,936.13, we affirm.

Armor Velvet and the individual Armor Velvet officers raise numerous issues on appeal, including a miscalculation of damages by the jury; lack of personal jurisdiction; improper admission of evidence relating to individual defendants' net worth; failure to give effect to a contractual provision requiring application of Alabama law, and requiring that suit be brought only in Alabama; error in holding the corporate officers individually liable; admission of evidence of one individual defendant's prior felony conviction; violation of a contractual arbitration provision; an erroneous award of attorney's fees; and an erroneous award of punitive damages.

Essentially this case was typically a case for the jury, and none of the arguments permits this Court to set aside the verdict or reverse the rulings of the district court. A skeletal recitation of the facts and a brief comment on each point on appeal will sufficiently disclose the Court's decision.

The first distributorship agreement was executed between Armor Velvet and three of the plaintiffs, Shingleton, Miner and Sloan, and was to include the Atlanta, Georgia, territory. The agreement, signed by the parties in Atlanta, was for the amount of $6,936.13. One month later, the three original purchasers plus a fourth, plaintiff MacRae, entered into a distributorship agreement covering the entire state of Georgia, for the amount of $25,500.00. Plaintiffs were apparently credited with the $6,936.13 already paid for the right to distribute the process in the Atlanta area, and paid the difference between that and the $25,500.00 fee for the entire state, or $18,563.87.

The four plaintiffs then entered into yet another distributorship agreement, this one covering three states, New York, New Jersey and Pennsylvania. These plaintiffs bought options for the purchase of the three additional distributorship areas, for a total of $95,210.00. An initial payment of $5,000.00 was agreed to, the balance of $90,210.00 to be due at a later time.

A fifth plaintiff, DeTemple, signed a distributorship agreement to cover two Virginia counties, and paid a $10,070.00 down payment on a $35,070.00 total contract.

Thus, the amounts actually expended by the various plaintiffs may be depicted as follows:

Shingleton, Sloan, Miner and MacRae:

| | |
|---|---|
| $ 6,936.13 | Atlanta contract |
| 18,563.87 | Difference between amount paid for Atlanta contract and entire state of Georgia contract ($25,500.00 less $6,936.13). |

| 5,000.00 | Option contract for New York, New Jersey and Pennsylvania |
|---|---|
| $30,500.00 | TOTAL PAID |

DeTemple:

| $10,070.00 | Down payment for the two-county Virginia area |
|---|---|

Sometime later the plaintiffs, who had been attending a training school at Armor Velvet's Alabama corporate home, became dissatisfied with the program and brought this action in Georgia, claiming that defendants had falsely represented that the defendants held a patent on the process.

Shingleton, Sloan, Miner and MacRae were awarded a jury verdict of $37,436.13 compensatory damages, $20,000.00 punitive damages, and $9,600.00 attorney's fees. Plaintiff DeTemple was awarded $10,070.00 compensatory damages, $5,000.00 punitive damages, and $2,400.00 attorney's fees.

Defendants claim the jury miscalculated the actual damages suffered by Shingleton, Sloan, Miner and MacRae by precisely the amount paid by these plaintiffs for the Atlanta distributorship. Miner testified that when the state of Georgia contract was signed, he and the other three original plaintiffs paid the difference between $25,500.00, the cost of the Georgia distributorship rights, and $6,936.13, the previously paid cost of the Atlanta rights, or $18,563.87. The four plaintiffs were credited for the sum already paid for Atlanta and, together with the $5,000.00 option payment for the New York, New Jersey and Pennsylvania areas, actually paid $30,500.00 to Armor Velvet. Yet, the jury awarded compensatory damages of $37,436.13.

Although plaintiffs argue that evidence of other damages would support the verdict, it is apparent from the exact figures used that the jury failed to take into account the $6,936.13 credit afforded the three original plaintiffs, and miscalculated the amounts paid to Armor Velvet.

Although defendants first argue they are entitled to a new trial, their alternative argument is that they are entitled to a reduction of the judgment. Plaintiffs concede that if this point is decided against them, a remittitur would be appropriate.

■ This Court is empowered to enter a remittitur where "the error or oversight is patent and the correction mechanical." *Stapleton v. Kawasaki Heavy Industries, Ltd.*, 608 F.2d 571, 574 n.7 (5th Cir. 1979); *see Davis v. Safeway Stores, Inc.*, 532 F.2d 489, 491 (5th Cir. 1976). The Court's power in this respect is the same as the district court's. *Howell v. Marmpegaso Compania Naviera, S.A.*, 536 F.2d 1032, 1035 (5th Cir. 1976); 11 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2820 at 133–34 (1973). "[I]f a remand would be mere wasted motion this court [may] recompute the award." *Ferrero v. United States*, 603 F.2d 510, 515 (5th Cir. 1979) (citing *Simpson v. United States*, 322 F.2d 688, 693 (5th Cir. 1963)).

■ Defendants further assert that the jury necessarily overstated the actual damages suffered by plaintiffs in the amount of a sales commission paid to Miner by Armor Velvet for selling the distributorship to DeTemple. This argument finds no support in the record. The jury was free to consider whether the sales commission should have been set off against plaintiffs' out of pocket expenses.

■ As to jurisdiction, the evidence indicates that defendant had sufficient contacts with the state of Georgia to permit jurisdiction under Georgia's long-arm statute. Ga. Code Ann. § 24–113.1(a), (b). Georgia's long-arm statute contemplates an exercise over nonresident parties to the maximum extent permitted by procedural due process. *See Hollingsworth v. Cunard Line Ltd.*, 152 Ga.App. 509, 263 S.E.2d 190 (1979). Individual defendants, on behalf of Armor Velvet, participated in an Atlanta trade show for the purpose of disseminating information about the firm's process. *See Brooks Shoe Manufacturing, Inc. v. Byrd*, 144 Ga. App. 431, 241 S.E.2d 299, 301 (1977). Furthermore, it was unnecessary for the individual defendants actually to be present in the state at the time the fraudulent representations were made in order to be subject to Georgia's long-arm statute. *Lincoln*

*Land Co. v. Palfery*, 130 Ga.App. 407, 203 S.E.2d 597, 604 (1973); *see Coe & Payne Co. v. Wood-Mosaic Corp.*, 230 Ga. 58, 195 S.E.2d 399, 400–401 (1973). Jurisdiction was properly asserted here. *See also Davis Metals, Inc. v. Allen*, 230 Ga. 623, 198 S.E.2d 285, 287 (1973); *Value Engineering Co. v. Gisell*, 140 Ga.App. 44, 230 S.E.2d 29, 31 (1976); *Delta Equities, Inc. v. Larwin Mortgage Investors*, 133 Ga.App. 382, 211 S.E.2d 9, 10 (1974).

■ Defendants contend the district court erroneously admitted evidence of defendants' "worldly circumstances" on the issue of the award of punitive damages. Ga.Code Ann. § 105–2003. Whether federal or state law applies on this issue need not be decided. No reversible error has been demonstrated nor did counsel make any specific objection. Fed.R.Evid. 103(a)(1). The evidence was not significant, although it may have been admissible for other purposes. Any error by the district court was therefore either waived or harmless. *See Carona v. Pioneer Life Insurance Co.*, 357 F.2d 477, 480 (5th Cir. 1966); *Complete Auto Transit, Inc. v. Wayne Broyles Engineering Corp.*, 351 F.2d 478, 483 (5th Cir. 1965).

■ As to the individual liability of Armor Velvet officers for the Firm's torts, the record clearly indicates that fraudulent misrepresentations were approved by the officers in their corporate capacities, with knowledge they would be disseminated to induce the reliance of prospective purchasers. Officers who take part in the commission of a tort by the corporation may be held personally liable therefor. *See McLanahan v. Keith*, 135 Ga.App. 117, 217 S.E.2d 420, 423 (1975), *aff'd* 239 Ga. 94, 236 S.E.2d 52 (1977); *Johnson v. Cleveland*, 131 Ga. App. 560, 206 S.E.2d 704, 706 (1974); *Lincoln Land Co. v. Palfery*, 130 Ga.App. 407, 203 S.E.2d 597, 603 (1973).

■ The district court overruled defendant George R. Saunders, Jr.'s motion in limine to suppress evidence of his prior felony conviction. The evidence of this conviction, which related to a false pretenses scheme, was admissible for impeachment purposes under Fed.R.Evid. 609(a)(2). There is a broad discretion allowed trial courts in ruling on the admissibility of such evidence. The district court did not abuse that discretion in denying defendant Saunders' motion. *See generally United States v. Gloria*, 494 F.2d 477, 480–81 (5th Cir.), *cert. denied*, 419 U.S. 995, 95 S.Ct. 306, 42 L.Ed.2d 267 (1974).

■ The jury in this case based an award of attorney's fees on Ga.Code Ann. § 20–1404, which permits such an award "if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, . . . ." Where fraud and deceit are alleged, as they were here, a plaintiff in Georgia is permitted to submit the attorney's fee question to the jury. *See Champion v. Martin*, 124 Ga.App. 275, 183 S.E.2d 571, 572 (1971).

■ Punitive damages are permitted in Georgia cases involving fraud. *McMichen v. Martin Burks Chevrolet, Inc.*, 128 Ga. App. 482, 197 S.E.2d 395, 396 (1973). Imposition of punitive damages in an action for fraudulent misrepresentation is a jury question, and it was not error to submit the question to the jury here. *See Hill Aircraft & Leasing Corp. v. Flanders*, 143 Ga.App. 504, 239 S.E.2d 155, 156 (1977). Defendants' argument that they should not have been assessed punitive damages or attorney's fees because they had offered to return the money was for the jury to consider, and does not justify reversal on appeal.

Defendants' remaining points—that the contract required any dispute to be litigated in Alabama, and that the dispute should have been first submitted to arbitration— were not timely presented to the district court for a ruling. The court cannot be reversed for its rulings on these points.

■ Matters raised for the first time on this appeal will not be considered. *United States v. Silva*, 611 F.2d 78, 80 (5th Cir. 1980); *see Mayberry v. Davis*, 608 F.2d 1070, 1071–72 (5th Cir. 1979).

Accordingly, the jury verdict is remitted, and the district court's judgment modified, to the extent that plaintiffs Shingleton, Sloan, Miner and MacRae are entitled to a total of $30,500.00 compensatory damages. In all other respects the jury's verdict and the judgment entered thereon shall remain intact.

AFFIRMED IN PART; MODIFIED IN PART.