NATIONAL EGG COMPANY

v.

BANK LEUMI le–ISRAEL, B.M., and Bank Leumi Trust Company of New York.

Civ. A. No. C80–187A.

United States District Court, N. D. Georgia, Atlanta Division.

May 18, 1981.

John M. Edwards, Jay D. Bennett, Alstin, Miller & Gaines, Atlanta, Ga., for plaintiff.

Hugh W. Gibert, Haas, Holland, Lipshutz, Levison & Gibert, Atlanta, Ga., for defendant.

## ORDER

MOYE, District Judge.

This case is again before the Court on a motion to dismiss by defendant Bank Leumi le-Israel. An earlier motion to dismiss by this defendant for lack of *in personam* jurisdiction was denied by this Court in an order filed November 19, 1980, and published as *National Egg Company v. Bank Leumi le-Israel B.M.*, 504 F.Supp. 305 (N.D.Ga. 1980). The facts of this case are more fully set out in that order and will be referred to herein only as needed to fully explain the Court's disposition of defendant's renewed motion.

Defendant (Leumi-Philadelphia) has renewed its motion to dismiss for lack of personal jurisdiction because it contends that a decision of the Georgia Court of Appeals, *Coopers & Lybrand v. Cocklereece*, 157 Ga.App. 240, 276 S.E.2d 845 (1981), renders this Court's earlier order incorrect as an interpretation of Georgia law. The Court will first examine the applicability of *Cocklereece* to this case and then, if necessary, will examine additional possible grounds for finding jurisdiction over Leumi-Philadelphia under the Georgia Long Arm Statute, Ga.Code Ann. § 24–113.1 (1971).

*Cocklereece* involved a fraudulent investment scheme whereby the plaintiff was led to believe that a "funding consortium" of wealthy individuals and financially solvent businesses would arrange for a loan to be made to him by a Panamanian bank for a fee. The plaintiff was presented various audit statements of the participating members and businesses constituting the consortium, including a statement prepared by Coopers & Lybrand Bahamas (C&L Bahamas). C&L Bahamas, a Bahamian partnership of certified public accountants, was apparently affiliated with two other accounting firms of the same general name, Coopers & Lybrand International, and Coopers & Lybrand U.S. Defendant C&L Bahamas objected to its amenability to the Georgia Long Arm Statute arguing that no evidence existed to show that it was a part of an international partnership; that it had

neither an office nor an agent in Georgia; and that it had never transacted business or authorized the transaction of business on its behalf in Georgia. In opposition to C&L Bahamas' jurisdictional argument the plaintiff in *Cocklereece* argued that the evidence as a whole showed that C&L Bahamas was a part of an overall conspiracy to defraud American investors and that the act of one of the conspirators in Georgia was the act of all. The trial court held that under the applicable rules of partnership law, the law of conspiracy, and the Georgia Long Arm Statute, C&L Bahamas was subject to the jurisdiction of the court. 157 Ga.App. at 242, 276 S.E.2d 845. C&L Bahamas appealed.

On appeal, the Court of Appeals reversed, holding that the mere allegation that a non-resident is a co-conspirator and through the conspiracy is chargeable with the acts of another conspirator within this state or that the act of the non-resident without the state, without more, ultimately results in an injury to a citizen of this state, does not establish a "contact" with this forum (Georgia) in the absence of implicit or explicit evidence of purposefully sought activity with or in Georgia by the non-resident. *Id.* at 246, 276 S.E.2d 845. Absent the establishment of such a "minimum contact," as required by *Shellenberger v. Tanner*, 138 Ga.App. 399, 227 S.E.2d 266 (1976), the court held jurisdiction will not lie. "Minimum contacts" are required, the court held, in order that there be due process limitations on Georgia's extra territorial power over nonresidents. 157 Ga.App. at 246, 276 S.E.2d 845.

Defendant Leumi-Philadelphia argues that *Cocklereece's* rejection of a conspiracy theory of jurisdiction on the facts in that case forces this Court to vacate and reverse that portion of the Court's November 18, 1980 order which found *in personam* jurisdiction over Leumi-Philadelphia on a conspiracy theory.

In response, plaintiff National Egg Company argues that *Cocklereece* is distinguishable from the case at bar. Plaintiff contends that while *in personam* jurisdiction could not be asserted against C&L Bahamas in *Cocklereece* since that defendant simply prepared an audit in the Bahamas and delivered it to a third party in the Bahamas, jurisdiction can be asserted over Leumi-Philadelphia because Leumi-Philadelphia allegedly deliberately held checks payable to the plaintiff drawn upon Leumi-Philadelphia for an unreasonable length of time before purporting to dishonor the checks and return them to the plaintiff in Georgia. Alleging that Leumi-Philadelphia's sole purpose for such delay was to induce the Georgia plaintiff to ship some $600,000 worth of eggs from Georgia to New Jersey to a corporation in whose inventory Leumi-Philadelphia, as well as Leumi-New York, held a security interest, plaintiff argues that in contrast to *Cocklereece* and *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), the activities of Leumi-Philadelphia were directed toward a particular plaintiff in this forum. In addition, the plaintiff points to other activities linking Leumi-Philadelphia to Georgia. As noted in this Court's earlier order, 504 F.Supp. at 309, Leumi-Philadelphia provided checking account services to Sunbelt Industries, Inc., a Georgia corporation; sent Irving Feldman, its vice president and senior loan officer to Georgia to enforce a security agreement with Sunbelt; and has filed a lawsuit against Sunbelt and another Georgia company, Telfair Farms, in the U. S. District Court for the Southern District of Georgia. Also, Leumi-Philadelphia held a note from Northeast Poultry and Egg Farm, another Georgia company.

The question now before the Court, therefore, is whether the above alleged activities are the additional elements referred to in *Cocklereece, see* 157 Ga.App. at 246, 276 S.E.2d 845, that would lead this Court to conclude that "minimum contacts" exist between Leumi-Philadelphia and the state of Georgia so as to subject Leumi-Philadelphia to the jurisdiction of this Court under the Georgia Long Arm Statute, without offending the Due Process Clause of the Fourteenth Amendment as proscribed by *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

As noted in this Court's earlier order, the Georgia Supreme Court has held that the Georgia Long Arm Statute extends personal jurisdiction to the maximum extent allowed by due process. 504 F.Supp. at 310, *citing Clarkson Power Flow, Inc. v. Thompson*, 244 Ga. 300, 260 S.E.2d 9 (1979). Thus, jurisdiction over a nonresident may be exercised by virtue of Ga.Code Ann. § 24–113.1(b), the section on which plaintiff relies, when: (1) The nonresident has purposely done some act or consummated some transaction with or in the forum; (2) The Georgia plaintiff has a legal cause of action in tort against the nonresident, which arises out of, or results from, the purposeful activity of the defendant involving this state [1]; *and* (3) the exercise of jurisdiction over the nonresident is "reasonable." *Shellenberger v. Tanner*, 138 Ga.App. 399, 407, 227 S.E.2d 266 (1976). It is plaintiff's burden to show these jurisdictional requirements have been met. 504 F.Supp. at 309.

With respect to the plaintiff's claim against Leumi-Philadelphia, the acts which give rise to the claim include Leumi-Philadelphia's deliberate holding for an unreasonable length of time checks drawn on it payable to plaintiff in order to induce plaintiff to continue shipping eggs to a debtor of the bank in whose inventory the bank held a security interest. Such a course of conduct, if true, evidences the commission of an intentional tort by a nonresident against a Georgian. The defendant bank may be sued here under the three *Shellenberger* criteria noted above and under *World-wide Volkswagen* if the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court here. 444 U.S. at 297. When a defendant *negligently* commits a tort against a citizen of Georgia whereby the negligence giving rise to the cause of action occurs outside Georgia and the damage resulting therefrom occurs inside Georgia, jurisdiction lies under Ga.Code Ann. § 24–113.1(b). *Coe & Payne Co. v.*

*Wood-Mosaic Corp.*, 230 Ga. 58, 195 S.E.2d 399 (1973). Thus, a reasonable anticipation of being held subject to the *in personam* jurisdiction of this state's courts should be even more prevalent where a defendant allegedly consciously chose to inflict harm on a Georgia resident. *Cocklereece* teaches, however, that the mere allegation that an act of a nonresident without the state, *without more*, that ultimately results in an injury to a citizen of this state, does not establish a "contact" with this state in the absence of implicit or explicit evidence of purposefully sought activity with or in Georgia by the nonresident. 157 Ga.App. at 246, 276 S.E.2d 845. Here, however, the record contains evidence of intentional contact between Leumi-Philadelphia and three Georgia agricultural companies besides plaintiff, as well as the physical presence of Leumi-Philadelphia's vice president in Georgia in connection with the bank's dealings with one of those agricultural companies. These contacts cause this Court to conclude that the additional contacts necessary between a defendant and the state of Georgia required by *Cocklereece* in order not to offend the Due Process Clause of the Fourteenth Amendment are present in this case. While finding jurisdiction to exist in this case, the Court notes that jurisdiction is herein being extended to the maximum extent allowed by due process; such a construction of the Georgia Long Arm Statute is mandated by the highest court constitutionally allowed to interpret that statute. *Clarkson Power Flow, Inc. v. Thompson*, 244 Ga. 300, 260 S.E.2d 9 (1979).

For the reasons explained above, defendant Leumi-Philadelphia's renewed motion to dismiss is DENIED.

---

1. According to *Shellenberger*, a resident is a victim of a "tortious act" when he suffers an injury here due to an act or omission of negligence occurring outside this state. 138 Ga.App. at 407, 227 S.E.2d 266. *Accord, Coe & Payne Co. v. Wood-Mosaic Corp.*, 230 Ga. 58, 195 S.E.2d 399 (1973).