**ATLANTA GAS LIGHT COMPANY, Plaintiff,**

v.

**SEMAPHORE ADVERTISING, INC., and Central Electric Power Cooperative, Inc., Defendants.**

**Civ. A. No. CV189–058.**

United States District Court, S.D. Georgia, Augusta Division.

Aug. 16, 1990.

---

Fred K. Harvey, Jr., Louisville, Ga., Albert G. Norman, Jr., John L. Watkins, Paula Marie Rafferty Miller, Long, Aldridge & Norman, Atlanta, Ga., for Atlanta Gas Light Co.

Stanley J. Jackson, Augusta, Ga., Paul H. Dunbar, III, E. Freddie Sanders, Augusta, Ga., for Central Elec. Power Co-op, Inc., J. Patrick Claiborne, Augusta, Ga., Jay Bender, Belser, Baker, Barwick, Ravenel & Bender, Columbia, S.C., for Semaphore Advertising, Inc.

## ORDER

BOWEN, District Judge.

Plaintiff, Atlanta Gas Light Company, has alleged in both its original and amended complaints that defendant Semaphore Advertising, Inc. ("Semaphore") contracted with television stations broadcasting in Augusta and Savannah, Georgia, on behalf of defendant Central Electric Power Cooperative, Inc. ("Central") to telecast a false, misleading and deceptive television commercial which caused damage to plaintiff in violation of federal and state law. Plaintiff's original and amended complaints are almost identical except that they involve two separate television commercials. Both of the commercials are part of defendant Central's "peace of mind" advertising campaign. Each commercial suggests that electricity is safer than natural gas for use as a household fuel source. Plaintiff's complaints seek to hold defendants jointly and severally liable for damages it alleges it has suffered.

Plaintiff's original complaint was filed with the Court on March 30, 1989. On August 15, 1989, the clerk of court made an entry of default, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, against defendant Semaphore due to its failure to appear, plead or otherwise defend as provided in the Federal Rules of Civil Procedure.[1] Plaintiff subsequently amended its complaint on February 5, 1990. Currently pending before the Court are two motions filed by defendant Semaphore: a motion to dismiss, or in the alternative, for a change of venue, filed on March 1, 1990, and a motion to set aside the entry of default, filed on June 19, 1990. I will address defendant Semaphore's motion to set aside the entry of default before reaching its motion to dismiss.

---

1. Rule 55(a) of the Federal Rules of Civil Procedure provides the following:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

■ The entry of default does not constitute an entry of a default judgment. *Arango v. Guzman Travel Advisors*, 761 F.2d 1527 (11th Cir.1985). Federal Rule of Civil Procedure 55(c) provides that for "good cause shown" an entry of default may be set aside. "The disposition of motions made under Rules 55(c) and 60(b) is a matter which lies largely within the discretion of the trial judge ..." *Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corporation*, 383 F.2d 249, 251 (4th Cir.1967). Federal district courts seem more willing to set aside an entry of default and with a lesser showing than they are in the case of a default judgment. *Broder v. Charles Pfizer & Co.*, 54 F.R.D. 583 (D.C.N.Y.1971). However, federal courts should not abrogate the purposes served by Rule 55(a) by setting aside entries of default as a matter of course.

> Both the default entry and judgment play an important role in the maintenance of an orderly, efficient judicial system. They are significant weapons for enforcing compliance with the rules of procedure and therefore facilitate the speedy determination of litigation. The default procedure offers a useful remedy to a good faith litigant who is confronted by an obstructionist adversary. It also represents a means of encouraging an unwilling or uncooperative party to honor the rules established for litigation in the federal courts and provides the non-defaulting party an expeditious path to follow when his adversary does not do so or simply abandons the contest. But if default is to be an effective sanction, relief under Rule 55(c) cannot be granted too readily.

Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2693 (citations omitted).

■ In support of its motion to set aside the entry of default, defendant Semaphore contends that its failure to enter a timely response to the suit was excusable, that a meritorious defense exists, that the plaintiff will not be prejudiced if the motion to set aside the entry of default is granted, and that the motion is timely in the context of the present status of the litigation. Semaphore's contention that its motion is timely is contrary to law and common sense. The clerk of court entered the entry of default against Semaphore on August 15, 1989. Semaphore did not file its motion to set aside the entry of default until June 19, 1990, over ten months after default was entered and four months after the amended complaint was filed. A cursory review of federal case law reveals that relief from an entry of default must be requested within a reasonable time. *Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corp.*, 383 F.2d 249 (4th Cir.1967); *V.C. Rasmussen v. W.E. Hutton & Co.*, 68 F.R.D. 231 (D.C.Ga. 1975); *United States v. Topeka Livestock Auction, Inc.*, 392 F.Supp. 944 (D.C.Ind. 1975); *Walter E. Heller Western, Inc. v. Seaport Enterprises, Inc.*, 99 F.R.D. 36 (D.C.Or.1983). By no stretch of the imagination can it be said that defendant Semaphore's motion to set aside the entry of default was timely.

■ Moreover, the creative excuses advanced by defendant Semaphore for its failure to timely file an answer to plaintiff's initial complaint are also unpersuasive. Semaphore's president has filed an affidavit stating that the failure to respond to the summons and complaint was based on her misunderstanding of the status of the lawsuit. However, Semaphore is an advertising agency which profits from complex business dealings, often involving contracts and other legal procedures. Even corporate officers possessing below average business acumen should know enough to contact an attorney when service of a summons and complaint have been made against the corporation they serve. Consequently, I find that defendant Semaphore's failure to respond to plaintiff's original complaint is inexcusable. "But, when setting aside a default as opposed to vacating a default judgment, it is not always necessary that the neglect or oversight be excusable." *Rasmussen v. W.E. Hutton & Co.*, 68 F.R.D. at 235 (citations omitted).

Based upon the record and briefs filed by the parties to the instant case, I conclude that defendant Semaphore took a signifi-

cant and calculated risk in consciously choosing not to respond to plaintiff's original complaint. Apparently, Semaphore's refusal to respond was due to its belief that this Court did not possess *in personam* jurisdiction. If this were the true motivation behind Semaphore's failure to respond, a much more logical and safer course would have been for Semaphore to respond to plaintiff's original complaint by filing a motion to dismiss based upon lack of personal jurisdiction, much like it did in response to plaintiff's amended complaint.

■ Before announcing my holding with respect to defendant Semaphore's motion to set aside the entry of default, it is important to first discuss the effect of an entry of default within the context of the instant case. As previously discussed, plaintiff amended its complaint after the entry of default was rendered against Semaphore with respect to plaintiff's original complaint. Although Semaphore is currently in default as to plaintiff's original complaint, Semaphore has responded to plaintiff's amended complaint by filing a motion to dismiss. Therefore, under Rule 54(c) of the Federal Rules of Civil Procedure, the Court may not award a default judgment which is more than or different in kind from that requested in the plaintiff's original complaint. *Marina B. Creation S.A. v. de Maurier*, 685 F.Supp. 910 (S.D.N.Y. 1988); Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2663. Accordingly, Semaphore's default as to plaintiff's original complaint cannot be stretched to cover plaintiff's amended complaint.

Moreover, in *Frow v. DeLaVega*, 82 U.S. (15 Wall) 552, 21 L.Ed. 60 (1872), the United States Supreme Court established a rule for default cases involving multiple defendants, which is described as follows:

> When one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted.

Wright, Miller, Kane, Federal Practice and Procedure: Civil 2d § 2690. The purpose behind the *Frow* rule is to promote consistent verdicts. *Hunt v. Inter–Globe Energy, Inc.*, 770 F.2d 145 (10th Cir.1985). Additionally, as stated by the Tenth Circuit, "... just as consistent verdict determinations are essential among joint tortfeasors, consistent damage awards on the same claim are essential among joint and several tortfeasors." *Id.* at 148.

■ Applying the *Frow* rule to the facts of the instant case renders the default entered against defendant Semaphore almost meaningless. Defendants Semaphore and Central are alleged to be jointly and severally liable for the damages sustained by plaintiff and caused by their television commercials. Under *Frow*, to collect damages against Semaphore with respect to the damages sought in its original complaint, plaintiff must establish liability against defendant Central during a trial on the merits. Essentially, plaintiff must prove its case with the same degree of sufficiency regardless of whether or not the default rendered against defendant Semaphore is set aside. The failure of plaintiff to establish liability against Central, with respect to its original complaint, will prevent the Court from entering a default judgment against defendant Semaphore. Moreover, as previously discussed, plaintiff still has the burden of establishing liability under its amended complaint against both defendants Semaphore and Central.

Although I do not endorse nor condone Semaphore's inexcusable failure to respond to plaintiff's original complaint, I realize that the dictates of *Frow* and Rule 54(c) allow it to escape what might otherwise be a disastrous result. Moreover, I am concerned that my refusal to set aside the default entered against defendant Semaphore might cause undue confusion to jurors during the trial of this case. Accordingly, defendant Semaphore's motion to set aside the entry of default is GRANTED. However, to prevent substantial prejudice to plaintiff, IT IS FURTHER ORDERED that defendant Semaphore be required to pay all accrued costs and is prohibited from conducting any discovery with regard to plaintiff's original complaint.

■ I will now address defendant Semaphore's motion to dismiss. In support of its motion to dismiss, defendant Semaphore first argues that this action should be dismissed on the ground that the Court lacks personal jurisdiction over it. Semaphore was incorporated under the laws of South Carolina and maintains its principal place of business in that state. Semaphore contends that its sole connection with Georgia arises out of advertising material placed on Georgia television stations through long distance telephone communications and mail. Consequently, Semaphore argues that it lacks sufficient minimum contacts with the State of Georgia necessary to satisfy the requirements of due process and the Georgia Long Arm Statute. Conversely, plaintiff asserts that this Court has personal jurisdiction over Semaphore under the provisions of both O.C.G.A. § 9–10–91(2) & (1), as well as the due process clause of the fourteenth amendment.

■ "It would seem elementary that if the court has no jurisdiction over a defendant, the defendant has an unqualified right to have an order entered granting its motion to dismiss." *Reed v. Ulmer*, 308 F.2d 915, 917 (5th Cir.1962). Moreover, if a court lacks jurisdiction over the person of a defendant in an *in personam* action, any order or judgment entered by the court is void. *Id.* at 917.

■ In deciding the personal jurisdiction issues raised by defendant Semaphore, the Court is bound to follow the Georgia Long Arm Statute to the extent that it does not violate the due process clause of the fourteenth amendment.[2] *Gold Kist, Inc. v. Baskin–Robbins Ice Cream*, 623 F.2d 375, 377 (5th Cir.1980). The Supreme Court of Georgia has interpreted the Long Arm Statute to allow the exercise of jurisdiction over nonresident defendants to the maximum extent permitted by procedural due process. *Coe & Payne Co. v. Wood–Mosaic Corp.*, 230 Ga. 58, 195 S.E.2d 399 (1973). O.C.G.A. § 9–10–91(2) confers jurisdiction over nonresident defendants who purposefully affiliate with this forum and as a result of that affiliation, a Georgia resident suffers injury within the state. *Shellenberger v. Tanner*, 138 Ga.App. 399, 227 S.E.2d 266 (1976). Recognizing that *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), requires "minimum contacts" between a nonresident defendant and the forum before conferring jurisdiction over the defendant, the *Shellenberger* court formulated a three-prong test for subsection 9–10–91(2) *in personam* jurisdiction: (1) the nonresident must purposefully avail himself of the privilege of doing some act or consummating some transaction with or in the forum; (2) the plaintiff must have a legal cause of action arising out of the activity of the nonresident within the forum; and (3) if the first two prongs are met, the jurisdiction over the nonresident must be reasonable. *Shellenberger*, 138 Ga.App. at 404–405, 227 S.E.2d 266.

■ In 1979, the Georgia Supreme Court eliminated any analytical distinctions between O.C.G.A. 9–10–91(2) and (3) by holding that "... limitations similar to those present in subsection [3] are constitutionally mandated under subsection [2]." *Clarkson Power Flow, Inc. v. Thompson*, 244 Ga. 300, 302, 260 S.E.2d 9 (1979). Accordingly, to acquire *in personam* jurisdiction over a nonresident defendant under

---

**2.** The Georgia Long Arm Statute, O.C.G.A. § 9–10–91, provides:

A court of this state may exercise personal jurisdiction over any nonresident or his executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he were a resident of the state, if in person or through an agent, he:

(1) Transacts any business within this state;

(2) Commits a tortious act or omission within this state, except as to a cause of action

for defamation of character arising from the act;

(3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; or

(4) Owns, uses, or possesses any real property situated within this state.

the second prong of the Georgia Long Arm Statute, the nonresident's purposeful affiliation with the forum must be of a type similar to the "contacts" enumerated in the third prong, that is the defendant "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state." *Spelsberg v. Sweeney*, 514 F.Supp. 622, 625 (S.D.Ga.1981). Thus, the dispositive question in ruling on defendant Semaphore's motion to dismiss in the instant case is whether the nonresident, defendant Semaphore has "established 'minimum contacts' in this state so that the exercise of jurisdiction is consistent with 'traditional notions of fair play and substantial justice.'" *Clarkson Power Flow, Inc.*, 244 Ga. at 301, 260 S.E.2d 9 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)).

"The party invoking the jurisdiction of a federal court bears the burden of establishing the court's jurisdiction over a nonresident defendant." *Brown v. Flowers Industries, Inc.*, 688 F.2d 328, 332 (5th Cir.1982). In ruling on a motion to dismiss for lack of personal jurisdiction, the court must take the allegations in plaintiff's complaint as true except when controverted by the defendant's affidavits. *Id.* at 332. A court's determination of whether jurisdiction exists over a nonresident defendant must necessarily be very fact specific. As stated by the United States Supreme Court:

> [T]he facts of each case must be weighed to determine whether the requisite "affiliating circumstances" are present. We recognize that this determination is one in which few answers will be written "in black and white. The greys are dominant and even among them the shades are innumerable."

*Kulko v. California Superior Court*, 436 U.S. 84, 92, 98 S.Ct. 1690, 1697, 56 L.Ed.2d 132 (1978) (citing *Estin v. Estin*, 334 U.S. 541, 545, 68 S.Ct. 1213, 1216, 92 L.Ed. 1561 (1948)).

Plaintiff contends that personal jurisdiction is supported by the first and second prong of the Georgia Long Arm Statute. "It is clear, however, that the 'transacts any business' test of O.C.G.A. § 9–10–91(1) applies only to contract claims." *Delong Equipment Co. v. Washington Mills Abrasive*, 840 F.2d 843, 848 (11th Cir.1988) (citing *Lutz v. Chrysler Corp.*, 691 F.2d 996, 997 (11th Cir.1982)) (adopting holding of *Whitaker v. Krestmark of Alabama, Inc.*, 157 Ga.App. 536, 537–38, 278 S.E.2d 116 (1981)). As previously discussed, the instant case does not involve a cause of action sounding in contract law. Instead, the case involves statutory causes of action for deceptive advertising. It is uncontroverted that defendant Semaphore, on behalf of defendant Central, contracted with television stations within this state to broadcast commercials which at the least suggested that electricity is safer than natural gas. Plaintiff contends that these commercials are false, misleading and deceptive and violate both federal and state statutes. Therefore, the issue before the Court becomes two-fold: (1) whether the second prong of the Georgia Long Arm Statute is met, and (2) whether the relationship between Semaphore and the forum state is constitutionally sufficient. *See Omni Capital International Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987).

The television stations which aired the commercials are located in the eastern portions of Georgia and serve a viewing area which extends into South Carolina. Although the commercials reached Georgia viewers, the target audience consisted of viewers located in western South Carolina, since defendant Central does not sell electricity to consumers in Georgia. Defendant Semaphore, a South Carolina corporation, states that its sole connection with Georgia arises out of these commercials placed on Georgia television stations.

Plaintiff, on the other hand, is a Georgia corporation which does not sell natural gas to South Carolina consumers. Although plaintiff and defendant Central are not direct competitors, plaintiff alleges that the commercials produced and aired by defendant Semaphore, on behalf of defendant

Central, caused injury to its business by inducing its Georgia consumers, who viewed the commercials, to switch from using natural gas supplied by plaintiff to electricity supplied by another electric company selling electricity to Georgia consumers.

The facts of the instant case satisfy the three-part test established in *Shellenberger*, 138 Ga.App. at 404–05, 227 S.E.2d 266. Defendant Semaphore has purposefully entered into contracts with Georgia television stations to air commercials on behalf of defendant Central from which defendant Semaphore profited financially. Next, the causes of action alleged by plaintiff arose out of defendant Semaphore's activity within the state of Georgia. In addition, the exercise of jurisdiction over defendant Semaphore is reasonable. This is not a case where a plaintiff is attempting to hale a defendant into a forum where defendant's only contact with that forum is derived from the unilateral activity of the plaintiff. *Kulko v. California Superior Court*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978); *Commercial Food Specialties, Inc. v. Quality Food Equipment Co.*, 176 Ga.App. 892, 338 S.E.2d 865 (1985). In the instant case, defendant Semaphore initiated the business transactions with Georgia television stations. Moreover, defendant Semaphore's argument that it is improper for the Court to exercise personal jurisdiction over it, since the business transactions were consummated solely by the use of long-distance telephone communications and interstate mail, is also unpersuasive. *See Georgia Railroad Bank & Trust Co. v. Barton*, 169 Ga.App. 821, 315 S.E.2d 17 (1984). "When a nonresident engages in some activity with or in the forum, even a significant single transaction, whether he be physically present there or not, and as a result business is transacted or a tortious injury occurs, a jurisdictional 'contact' exists between that nonresident and the forum." *Shellenberger*, 138 Ga.App. at 408, 227 S.E.2d 266.

Additionally, the relationship between defendant Semaphore and the State of Georgia are sufficient to satisfy constitutional requirements of due process. "A defendant has fair warning that it might be subject to a forum's jurisdiction if the defendant purposefully directs its activities at forum residents and 'the litigation results from alleged injuries that arise out of or relate to those activities.'" *Delong Equipment Co.*, 840 F.2d at 853 (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985)). Accordingly, I conclude that this Court has *in personam* jurisdiction over defendant Semaphore.

Next, defendant Semaphore contends that the Court lacks subject matter jurisdiction over plaintiff's claims because plaintiff's allegation of a jurisdictional amount was made in bad faith. However, federal question jurisdiction exists due to plaintiff's claims under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Moreover, I cannot conclude to a legal certainty that the amount in controversy is really less than the jurisdictional amount necessary for maintaining diversity of citizenship jurisdiction under 28 U.S.C. § 1332. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938).

■ As grounds for granting its motion to dismiss, defendant Semaphore also argues that plaintiff's amended complaint does not allege that either defendants Central or Semaphore "has made false statements of fact about Central's product or services." (Memorandum in Support of Defendant Semaphore's Motion to Dismiss, pp. 5–6). Consequently, Semaphore argues that plaintiff's amended complaint fails to state a claim for relief under the Lanham Act. *See Cranberg v. Consumers Union of U.S., Inc.*, 756 F.2d 382 (5th Cir.1985). However, paragraph 42 of plaintiff's amended complaint reads as follows:

> AGLC has incurred and will continue to incur damage to its goodwill and to its sales as a result of Defendants' disparagement of AGLC's business and products, and as a result of Defendants' false, misleading and deceptive state-

ments of fact regarding the qualities of Defendant Central's product, electricity.

 Defendant Semaphore also argues that plaintiff's amended complaint fails to state a claim for relief under the Georgia Fair Trade Practices Act. O.C.G.A. § 10–1–393(a) states the following: "Unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce are declared unlawful." Defendant Semaphore makes the unsupported argument that "[t]o come within the Act, the conduct complained of must consist of the offering for sale, lease or distribution any product or service or thing of value in the State of Georgia." (Brief in Support of Defendant Semaphore's Motion to Dismiss, p. 6). Semaphore's reading of the Act is very restrictive. The terms "trade" and "commerce" are defined in O.C.G.A. § 10–1–392(a)(9) to include,

> the advertising, distribution, sale, lease, or offering for distribution, sale, or lease of any goods, services or any property . . . or thing of value wherever situate[d] and shall include any trade or commerce directly or indirectly affecting the people of the state.

Therefore, I decline to endorse defendant Semaphore's interpretation of O.C.G.A. § 10–1–393(a).

 Finally, defendant Semaphore argues that venue in this Court is improper. As noted by defendant Semaphore, 28 U.S.C. § 1391(b) states the following:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

Apparently, Semaphore is arguing that the cause of action in the instant case arose in South Carolina. However, as stated by plaintiff, it was the broadcasting of the commercials in Georgia which caused the alleged injury to plaintiff and gave rise to plaintiff's cause of action. Moreover, defendant Semaphore has failed to show that the ". . . balance of convenience and justice weighs heavily in favor of the transfer" of

this case to a South Carolina District Court. *A.L. Williams & Associates, Inc. v. D.R. Richardson & Associates, Inc.*, 98 F.R.D. 748, 754 (N.D.Ga.1983).

In summary, I cannot conclude that ". . . it appears beyond doubt that the plaintiff can prove no set of facts in support of his [its] claim which would entitle him [it] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Accordingly, defendant Semaphore's motion to dismiss, or in the alternative, for a change of venue is DENIED.

Additionally, defendant Semaphore's motion to set aside the entry of default is GRANTED. However, IT IS FURTHER ORDERED that defendant Semaphore is required to pay all accrued costs associated with plaintiff's original complaint and, in addition, is prohibited from conducting any discovery with respect to plaintiff's original complaint. Additionally, defendant Semaphore's motion to dismiss is DENIED.