**David C. FOSS**

v.

**Robert KLAPKA.**

**Civ. A. No. 82–1346.**

United States District Court,
E. D. Pennsylvania.

Oct. 12, 1982.

John F. X. Fenerty, Philadelphia, Pa., for plaintiff.

Edward A. Greenberg, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

This is a diversity action for personal injuries brought by plaintiff David Foss ("Foss"), a Pennsylvania resident, who was injured in Maryland, allegedly as a result of being struck by defendant Robert Klapka's ("Klapka") automobile. Klapka, a Mary-land resident, moved to dismiss the action on the ground that this Court lacked personal jurisdiction over him. This Court's Memorandum and Order of July 29, 1982 granted defendant's motion and dismissed the action. Plaintiff has filed a motion asking this Court to reconsider its Order of July 29, 1982. For the reasons hereinafter set forth, the Court, upon reconsideration of its decision, finds that plaintiff has presented no reason for the Court to alter its earlier Order.

Plaintiff contends that defendant waived his right to contest personal jurisdiction because defendant's motion to dismiss for lack of personal jurisdiction was untimely filed. Both parties agree that plaintiff's complaint was served by mail on April 1, 1982 and that defendant's motion to dismiss was filed on April 23, 1982. On May 6, 1982, plaintiff filed a reply to defendant's motion to dismiss. Federal Rule of Civil Procedure 12(a) requires that a party served with a complaint file a responsive pleading within 20 days. Defendant filed his motion to dismiss 22 days after service of the complaint.

■ The question presented to the Court is whether a defendant who asserts a defense of lack of personal jurisdiction in his first response to a complaint waives that defense if this response is not filed within 20 days after service of the complaint. The Court holds that such tardiness does not constitute waiver so long as defendant's first response raises the issue of personal jurisdiction.

■ Federal Rule of Civil Procedure 12(h)(1) provides

A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion [containing a consolidation of defense motions pursuant to Fed.R.Civ.P. 12(g) ], or (B) it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

Rule 12(h)(1) makes it clear that a defendant who first answers plaintiff's complaint on the merits and then later files a motion to dismiss for lack of personal jurisdiction will be deemed to have waived this defense. However, Rule 12(h)(1) does not state that waiver will be found to exist if the defendant's motion to dismiss is untimely. The rule only requires that defendant's first response to the complaint raise the jurisdictional issue. In this case, that requirement is satisfied since defendant did not, in the first instance, answer plaintiff's complaint, but instead filed his motion to dismiss.

Case law interpreting Rule 12(h)(1) underscores this interpretation of the rule. In *Orange Theatre Corp. v. Rayherstz Amusement Corporation, et al.,* 139 F.2d 871 (3d Cir.), *cert. denied,* 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573 (1944), the Third Circuit stated

> If [service of process is improper and personal jurisdiction is lacking, the district court did not have] the power to adjudicate the controversy between the parties. The individual defendants were, therefore, entitled to ignore the whole proceeding and subsequently attack any default judgment which might result from it. Under such circumstances, the district court could acquire the power to adjudicate the controversy only if the parties voluntarily appeared. Consequently, the failure of the individual defendants to assert the defense of lack of jurisdiction of their persons could not at any time before their voluntary appearance fairly be treated as a waiver of the defense nor could the twenty-day period prescribed by Rule 12 for serving a motion or answer raising the defense commence to run prior to such appearance.

139 F.2d at 873 (citations omitted). *See also Zelson v. Thomforde,* 412 F.2d 56, 58–59 (3d Cir. 1969); *Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc.,* 376 F.2d 543, 547 (3d Cir. 1967); *M. Lowenstein & Sons, Inc. v. Austin,* 430 F.Supp. 844, 845 (S.D.N.Y. 1977) ("Rule 12(h)(1), which governs waiver of these defenses, indicates that they are preserved as long as they are contained in the responsive pleading or raised in the first prepleading motion.").

■ At this juncture, it would contravene the ends of justice and the jurisdictional scheme of our federal courts if this Court were to infer a waiver of personal jurisdiction where such jurisdiction does not exist merely because defendant filed a motion to dismiss for lack of personal jurisdiction 22 days after service of the complaint.

This view is shared by Wright and Miller:

> As a general rule federal courts will consider a Rule 12(b) motion by a party in default as untimely and therefore as having been waived. Several courts have gone further, however, and held that a venue or service of process objection is waived if not asserted within 20 days after the service of the summons and complaint. The reasoning of these courts seems to be that because Rule 12(a) requires the responsive pleading to be served within 20 days after the service of the summons and the complaint, that period also delimits the time for interposing those defenses that must be asserted either by motion or in the responsive pleading. Although this approach has the desirable effect of compelling the early assertion of the Rule 12(b)(2) through Rule 12(b)(5) defenses, it is premised on an overly strict interpretation of Rule 12(a) and Rule 12(h)(1). *The former provision only deals with when the pleading must be served and is silent on the question of waiver. The latter provision does not call for the assertion of the defense within the time provided in Rule 12(a) for serving a responsive pleading; it merely dictates waiver if the defense is not made by motion or included in the responsive pleading, presumably whenever it may happen to be served.*

C. Wright and A. Miller, 5 *Federal Practice and Procedure* § 1391 at 856. (emphasis added).

■ Plaintiff has also asked in his motion that this Court transfer the instant action to the District of Maryland. However, the plaintiff has provided no supporting affidavits for this motion and has not delineated

any equitable reason for the court to effectuate such a transfer. In *Schwilm v. Holbrook,* 661 F.2d 12 (3d Cir. 1981), the Third Circuit granted a plaintiff's transfer motion when it granted a defendant's motion to dismiss for lack of jurisdiction. The Court did so, however, because defendant had delayed 13 months before bringing his motion to dismiss. Consequently, a refusal to transfer the action could have barred plaintiff's claim due to the running of the statute of limitations in the transferee forum. Here, however, the accident in question occurred on May 30, 1980, and the applicable Maryland statute of limitations is 3 years. Plaintiff may thus easily file his action in the federal or state courts of Maryland, provided that the proper jurisdictional requisites are met. For that reason, the Court has not been persuaded that it should exercise its discretion to effectuate a transfer and will therefore leave its Order of July 29, 1982 in full force and effect.