**Luther Kevin CUNNINGHAM, Plaintiff,**

**v.**

**SUBARU OF AMERICA, INC., and Automotive Imports, Inc. d/b/a Subaru Inter-Mountain, and Fuji Jukogyo Kabushiki Kaisha (Fuji Heavy Industries, Ltd.), Defendants.**

No. 85–2621–S.

United States District Court, D. Kansas.

March 12, 1986.

---

Gary C. Robb, Anita Porte Robb, Robb & Robb, Kansas City, Mo., Mark A. Johnson, Simpson & Johnson, Fairway, Kan., John J. Jurcyk, McAnany, Van Cleave & Phillips, Kansas City, Kan., for Cunningham.

Thomas O. Baker, Thomas N. Sterchi, Baker & Sterchi, Kansas City, Mo., for Subaru of America, Inc., and Fuji Jukogyo Kabuskiki Kaisha (Fuji Heavy Industries, Ltd.).

Thomas R. Buchanan, Shook, Hardy & Bacon, Overland Park, Kan., for Automotive Imports, Inc. d/b/a Subaru Inter-Mountain.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant Fuji Jukogyo Kabushiki Kaisha's Motion to Quash Service of Process and Motion to Dismiss, and plaintiff's Motion to File Amended Service of Process as to defendant Fuji. This is a motor vehicle products liability action involving an action for damages for injuries suffered by the plaintiff as a result of the alleged design, manufacture and distribution of the Subaru "Brat" truck. The action was transferred to this court from the Western District of Missouri pursuant to that court's Order dated October 30, 1985, 620 F.Supp. 646.

Defendant Fuji bases its Motion to Quash and Motion to Dismiss on the grounds that (1) Service on Fuji was not authorized by Section 506.500 of the Mis-

souri Revised Statutes (1967) and (2) *in personam* jurisdiction over this defendant is lacking because Fuji lacks the requisite "minimum contacts" with the State of Missouri and the State of Kansas. The defendant also contends that service of process is invalid pursuant to K.S.A. § 60–308 K.S.A. (1983). Fuji contends that it is a Japanese corporation with its principal place of business in Tokoyo, Japan. Fuji is engaged in the engineering and production of motor vehicles, industrial engines, and other unique forms of mass transportation. Defendant contends that it has never sold any Subaru vehicles in the United States nor conducted any advertising, maintenance, repair, warranty, or after-sales service in the United States. Defendant further contends that it is not registered nor qualified to do business in the State of Missouri nor to lease or own any real or tangible personal property in that state. Fuji manufactures Subaru automobiles in its factories in Gunma Prefectur, Japan, and sells the completed automobiles to defendant Subaru of America, Incorporated [hereinafter S.O.A.].

It is well settled that in considering jurisdictional questions, a two-step analysis is applied. "First, it must be determined whether the defendant's contacts with the forum are sufficient to satisfy the minimum contact tests of *International Shoe* [*Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) ], and, second, the court must determine whether the defendants' conduct falls within the scope of service authorized by statute." *Hoffman v. United Telecommunications, Incorporated*, 575 F.Supp. 1463, 1469, (D. of Kan. 1983). The court will first consider whether or not Fuji has sufficient minimum contact with the forum states of Missouri or Kansas such that the exercise of jurisdiction is fundamentally fair and does not offend the "traditional notions of fair play and substantial justice." The court notes that the plaintiff need only make a prima facie case that the constitutional and statutory requirements for the assumption of personal jurisdiction are satisfied. *Id.* at 1469. The court in *Hoffman* stated that:

In each case, the court must weigh the facts to determine whether or not the quality and nature of the defendant's activity is sufficient to require the defendant to conduct its defense in the forum state. (Citations omitted). [T]he court must determine whether there is some act by which the defendant purposely availed itself of the privilege of conducting activities within the forum state, thereby invoking the benefits and protections of its laws.

*Id.* at 1470, (citing *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958)).

In support of its motion, defendant states that it has no contacts whatsoever with the State of Missouri, State of Kansas, and that the only contact with the entire United States is its sale of Subaru vehicles to defendant S.O.A. in Tokoyo, Japan. The defendant claims that the fact that some of the vehicles sold by S.O.A. may have been used in the State of Kansas is insufficient to subject Fuji to jurisdiction of this court. Thus, Fuji contends it does not have the requisite minimum contacts to be subject to the jurisdiction of the courts of Kansas or Missouri.

Plaintiff, to the contrary, contends that defendant Fuji has sufficient minimum contacts with the State of Kansas or Missouri that requires it to defend itself in the United States District for the District of Kansas. The plaintiff contends that defendant Fuji's contacts with the States of Kansas and Missouri are substantial, continuous and revenue-producing. In support, plaintiff states that defendant Fuji produces Subaru motor vehicles and sells them to defendant Subaru of America in Tokoyo, Japan. Plaintiff further contends that S.O.A. is the *exclusive* distributor of Fuji motor vehicles in the United States. S.O.A., in turn, sells motor vehicles to regional distributors throughout the United States. It seems inconceivable that Fuji would have sold these vehicles to S.O.A. with no knowledge or anticipation that these vehicles would be distributed to states throughout the United States. The

court also notes that the American translation of Fuji Heavy Industries, Ltd., is contained in the owner's manual and such notice that Fuji is the manufacturer of Subaru vehicles is found in each and every owner's manual. *See Copiers Typewriters Calculators, Inc. v. Toshiba Corporation,* 576 F.Supp. 312, 320 (D.Md.1983).

■ Upon a review of *Worldwide Volkswagen* [*Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)] and its progeny, the court finds that Fuji's sale to S.O.A., its efforts to put Subaru vehicles into the stream of U.S. commerce, and its encouragement of such sales and revenue, evidences Fuji's affirmative intent that goods reach the individual states of the United States. It thus must reasonably anticipate being haled into court in those states in which one of its vehicles causes injury to a consumer. *Copiers Typewriters Calculators, Inc.,* 576 F.Supp. at 320–21.

Many recent decisions support the finding of minimum contacts under similar circumstances. In *Nelson by Carson v. Park Industries,* 717 F.2d 1120 (7th Cir.1983), the Seventh Circuit Court of Appeals decided a personal jurisdiction issue involving a Hong Kong manufacturer and distributor. The defendants in that case were both foreign corporations which never had physical presence in the forum state. One defendant was located in Hong Kong and a manufacturer of textile products. The manufacturer sold the textiles to the defendant distributor company incorporated also under the laws of Hong Kong. The distributor then sold the goods to the Woolworth Company. Woolworth was the company that distributed the goods throughout the United States. The court found that both defendants were subject to the personal jurisdiction of the court.

[T]he relevant scope [of the forseeable market] is generally broader with respect to manufacturers and primary distributors of products who are at the start of a distribution system and who thereby serve, directly or indirectly, and derive economic benefit from a wider market.

Such manufacturers and distributors purposely conduct their activities to make their product available for purchase in as many forms as possible. For this reason, a manufacturer or primary distributor may be subject to a particular forum's jurisdiction when a secondary distributor and retailer are not, because the manufacturer and primary distributor have intended to serve a broader market and they derive direct benefits from serving that market.

*Nelson by Carson,* 717 F.2d 1125–26. *See also Asahi Metal Industry Co., Ltd. v. Superior Court,* 39 Cal.3d 35, 49–50, 702 P.2d 543, 550–51, 216 Cal.Reporter 385, 392–93 (1985).

Similarly, in *Rockwell International Corporation v. Costruzioni Aeronautiche Giovanni Agusta,* 553 F.Supp. 328, 332 (E.D.Pa.1982), the court focused on the indirect marketing scheme and the consequential economic benefits derived by such a marketing scheme:

The stream-of-commerce theory developed as a means of sustaining jurisdiction in products liability cases in which the product had traveled through an extensive chain of distribution before reaching the ultimate consumer. Under this theory, a manufacturer may be held amenable to process in a forum in which the products are sold, even if the products were sold indirectly through importers or distributors with independent sales and marketing schemes. Courts have found the assumption of jurisdiction in these cases to be consistent with the due process requirements identified above: by increasing the distribution of its products through indirect sales within the forum, a manufacturer benefits legally from the protection provided by the laws of the forum state for its products, as well as economically from indirect sales to forum residents.

*Id.* at 332, (quoting *DeJames v. Magnificence Carriers,* 654 F.2d 280, 285 (3d Cir. 1981).

The court further reasoned that a manufacturer should not be allowed to profit

from the sale of its product in a state, while insulating itself at the same time from liability by establishing an indirect or multi-faceted chain of distribution. 553 F.Supp. at 334.

The court finds that the foregoing reasoning is clearly applicable to the facts at hand. While Fuji greatly profits from the sale of Subaru Brat vehicles in the United States, it claims that it is immune from all jurisdictional claims against it in the United States. The court views this as a company which seeks to reap all of the benefits without incurring the resulting liabilities and costs. See *Dotterweich v. Yamaha International Corporation,* 416 F.Supp. 542, 548–49 (D.Minn.1976). (If as a result of trade, injury from a defective product occurs in a state, the hardship of defending the product in that state is assumed as an attribute of foreign trade.) *See* also *De-James v. Magnificence Carriers, Incorporated,* 654 F.2d 280, 285 (3rd Cir.1981). (A foreign corporation cannot insulate itself from the reach of the forum state's long-arm rule by professing ignorance of the ultimate destination of its products). Accordingly, the court finds that Fuji has sufficient minimum contacts with the states of Missouri and Kansas to satisfy the minimum-contacts test. Further, the court finds that jurisdiction is also fair and reasonable.

The court finds that Kansas' interest in asserting jurisdiction over Fuji in this action is substantial. Any inconvenience to defendant in defending this lawsuit is clearly outweighed by Kansas' interest in protecting its citizens from injury. The court finds that it would be fundamentally unfair to allow a foreign manufacturer to insulate himself from the jurisdiction of this court by use of an exclusive distributor. The court therefore finds that defendant Fuji's motion to dismiss for lack of personal jurisdiction should be denied.

■ The court will now address the second prong of the analysis; whether the defendant's conduct falls within the scope of service authorized by statute.

The court finds that personal jurisdiction is proper in Kansas pursuant to K.S.A. § 60–308(b)(7) (1983). K.S.A. § 60–308(b)(7) provides:

(b) *Submitting to jurisdiction—process.* Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person and, if an individual, the individual's personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts:

. . . .

(7) causing to persons or property within this state any injury arising out of an act or omission outside of this state by the defendant if, at the time of the injury either (A) the defendant was engaged in solicitation or service activities within this state; or (B) products, materials or things processed, serviced or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of trade or use; . . . .

In applying this statute, the Kansas court has instructed that it should "be construed liberally, reflecting a single 'conscientious state policy to assert jurisdiction over nonresident defendants to the extent permitted by the due process clause of the Fourteenth Amendment.'" *Schlatter v. Mo-Comm Futures Limited,* 233 Kan. 324, 329, 662 P.2d 553, 558 (1983) (quoting *Woodring vs. Hall,* 200 Kan. 597, 600, 438 P.2d 135 (1968)).

The court finds that Fuji is properly subject to service under the Kansas long-arm statute because an injury arose out of the use of a Subaru vehicle in Kansas manufactured by the defendant and which was used in Kansas in its ordinary use. As discussed above, the Court finds Fuji sold this product to S.O.A., anticipating some indirect benefit from S.O.A.'s sales of Subaru vehicles to the individual states. The court finds that Fuji reasonably could anticipate

use of its vehicle in Kansas. *See Tilley v. Keller Truck & Implement Corporation,* 200 Kan. 641, 438 P.2d 128, 133–34 (1968); *Soper v. Signode Corporation,* No. 77–2014, slip op. at 3 (D.Kan., *unpublished,* March 3, 1978) (language of statute makes clear it confers jurisdiction over non-resident defendants in product liability cases). Therefore, the plaintiff has met his burden of proving a prima facie case of *in personam* jurisdiction.

The court does agree with the defendant that the United States District Court for the Western District of Missouri did not properly have personal jurisdiction over Fuji pursuant to § 506.500 Missouri Revised Statutes (Supp.1984). The Missouri court's interpretation of this statute supports the court's finding that plaintiff has alleged no facts which establish the Western District of Missouri had *in personam* jurisdiction over plaintiff. Therefore, the court finds that the United States District Court for the Western District of Missouri did not have personal jurisdiction, and therefore service of process over defendant pursuant to Missouri's long-arm statute should be quashed.

Plaintiff has filed a motion to file amended service of process pursuant to Rule 4(h), Federal Rules of Civil Procedure, rather than re-serving the summons. The court recognizes that Rule 4(h) provides:

At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.

While the language of the statute seems to grant the court discretion in amending process, a review of the case law reveals that amendment pursuant to Rule 4(h) is used to correct technical defects in the process or proof of service, such as misnomers in the summons. The court found no decisions which granted amendment of service of process where the transferor court had no personal jurisdiction during the time in which defendant was first served.

■ Rather than granting plaintiff's motion to file amended service of process, court finds that service of process over defendant Fuji should be quashed and plaintiffs should be given time to re-serve Fuji. In so finding, the court was guided by the decision in *Stewart Coach Industries, Inc. v. Moore,* 512 F.Supp. 879, 883–84 (S.D.Ohio 1981). In that case, defendant sought a dismissal or a motion to quash service claiming the court's lack of personal jurisdiction over the defendant. Rather than dismiss, the court found that the jurisdictional problems could be resolved:

*[A]fter transfer* by an Order directing that the defendant be properly served under the law in the transferee forum.... Indeed, it is often held that dismissal is not warranted for improper service and lack of personal jurisdiction where there is a substantial likelihood that further service can be made and personal jurisdiction might thereby be attained. The proper course under such circumstances is to quash the improper service and grant plaintiff a period of time within which to effect proper service." *Id.* at 883–84.

Accordingly, the court finds that rather than granting plaintiff's Motion to Amend Service of Process, the plaintiff will be granted leave in which to re-serve defendant Fuji pursuant to the Federal Rules of Civil Procedure and terms of the Hague Convention.

IT IS BY THE COURT THEREFORE ORDERED that defendant Fuji's motion to dismiss for lack of personal jurisdiction is hereby denied. IT IS FURTHER ORDERED that defendant Fuji's motion to quash service is hereby granted. IT IS FURTHER ORDERED that plaintiff's motion to file amended service of process over defendant Fuji is hereby denied. IT IS FURTHER ORDERED that the plaintiff is given one hundred and twenty days (120) from which this order is filed to re-serve the defendant Fuji.