### 73392. FLINT v. GUST et al.
(361 SE2d 722)

BANKE, Presiding Judge.

The Supreme Court has reversed on certiorari our prior decision in this case, wherein we held, in reliance on *Coe & Payne Co. v. Wood-Mosaic Corp.*, 230 Ga. 58 (195 SE2d 399) (1973), that the trial court was empowered to exercise jurisdiction over the plaintiff's fraud claim against the nonresident defendants, pursuant to this state's "long arm" statute, OCGA § 9-10-91. See *Gust v. Flint*, 257 Ga. 129 (356 SE2d 513) (1987), rev'g *Flint v. Gust*, 180 Ga. App. 904 (351 SE2d 95) (1986).

In *Coe & Payne Co. v. Wood-Mosaic Corp.*, supra at p. 60, the Supreme Court had expressed the view that our long-arm statute authorized the exercise of jurisdiction over nonresident defendants "to the maximum extent permitted by procedural due process." In its decision in the present case, the Supreme Court would appear to have abandoned that view and to have adopted the position that our long-arm statute is not susceptible to such an interpretation. However, since *Coe & Payne* was not overruled, clarification of the Supreme Court's position on this important issue will have to await a future litigation. One thing the Supreme Court has clarified, though, is that we must affirm the judgment of the trial court dismissing the present action.

*Judgment affirmed. Birdsong, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 16, 1987.

*Ernest H. Woods III*, for appellant.
*William R. Oliver*, for appellees.