**Michael L. CARTWRIGHT, Plaintiff,**

v.

**FOKKER AIRCRAFT U.S.A., INC., Fokker Aircraft BV, and Fokker BV, Defendants.**

No. 1:87–CV–1124–HTW.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 29, 1988.

David E. Tuszynski, Atlanta, Ga., for plaintiff.

James S. Strawinski, Atlanta, Ga., for defendants.

## ORDER OF COURT

HORACE T. WARD, District Judge.

This matter is before the court on defendant Fokker Aircraft U.S.A.'s motion to amend the prior order and defendant Fokker Aircraft BV's motions to dismiss for lack of jurisdiction and insufficiency of service of process.

*Motion to Amend*

■ In a prior order, the court denied defendant Fokker Aircraft USA's motion to dismiss for insufficiency of process. This defendant now moves for amendment of the order to permit interlocutory review by the Eleventh Circuit U.S. Court of Appeals. It argues that the issue involved in its motion to dismiss is one which presents a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation.

Although the question of whether this defendant received sufficient process may be one which is a controlling issue of law in this matter, it does not present substantial ground for difference of opinion. *See* 28 U.S.C. § 1292(b). As the prior order stated, defendant's argument has been specifically rejected by the Eleventh Circuit in *McDougald v. Jenson*, 786 F.2d 1465, 1487 (11th Cir.), *cert. denied*, 479 U.S. 860, 107 S.Ct. 207, 93 L.Ed.2d 137 (1986). The holding in *McDougald* is binding upon this court and the Eleventh Circuit until such time as it is overruled by the U.S. Supreme Court or the Eleventh Circuit *en banc*. Defendant Fokker Aircraft U.S.A.'s motion to amend the court's prior order is accordingly DENIED.

*Motion to Dismiss for Lack of Jurisdiction*

The complaint alleges that plaintiff, who was an airline baggage handler, was injured when he exited the baggage compartment of an airplane. It claims that the cargo compartment was negligently designed and defective and that its defects were the proximate cause of plaintiff's injuries. It also alleges that the airplane was designed, manufactured, distributed, and sold by defendants Fokker Aircraft USA, Fokker Aircraft BV, and Fokker BV.

The resolution of defendant Fokker Aircraft BV's motion to dismiss for lack of jurisdiction requires a multi-part analysis. It must first be determined whether defendant's jurisdictional contacts with this state bring it within the terms of the Georgia long-arm statute, O.C.G.A. § 9–10–91 (Michie 1982 & 1988 Supp.). If so, it must then be decided whether the exercise of long-arm jurisdiction over the defendant is consistent with due process constraints. *Hayes v. Irwin*, 541 F.Supp. 397, 416–17 (N.D.Ga.1982), *aff'd*, 729 F.2d 1466 (11th Cir.), *cert. denied*, 469 U.S. 857, 105 S.Ct. 185, 83 L.Ed.2d 119 (1984).

■ Georgia courts have stated on numerous occasions that the state's long arm statute "confers jurisdiction over nonresidents to the maximum extent permitted by due process." *Jet America, Inc. v. Gates Learjet Corp.*, 145 Ga.App. 258, 259–60, 243 S.E.2d 584 (1978), *rev'd on other grounds sub nom., Executive Jet Sales, Inc. v. Jet America, Inc.*, 242 Ga. 307, 248 S.E.2d 676 (1978); *see, e.g., Shellenberger v. Tanner*, 138 Ga.App. 399, 407, 227 S.E.2d 266 (1976); *Burton v. Subaru of America, Inc.*, 646 F.Supp. 78, 79 (N.D.Ga. 1986) (citing Georgia cases). Defendant

strongly argues, however, that the Georgia Supreme Court recently retreated from this expansive construction of the statute. The Georgia court held in *Gust v. Flint*, 257 Ga. 129, 130, 356 S.E.2d 513 (1987), that it "need not discuss the relative merits of a 'New York rule' or an 'Illinois rule'. The rule that controls is our statute, which requires that an out-of-state defendant must do certain acts within the State of Georgia before he can be subjected to personal jurisdiction." The court did not expressly overrule its prior cases which had presented a broader view of long arm jurisdiction and thus it is unclear at this time whether it intended to completely retreat from its prior holdings.[1] It does appear, however, that *Flint* heralds a renewed emphasis on the literal language of the Georgia long arm statute. *See generally, Behar v. Aero Med International, Inc.*, 185 Ga.App. 845, 847–50, 366 S.E.2d 223 (1988).

The statute provides, in relevant part: A court of this state may exercise personal jurisdiction over any non-resident or his executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he were a resident of the state, if in person or through an agent, he:

\*　　\*　　\*　　\*　　\*　　\*

(3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

\*　　\*　　\*　　\*　　\*　　\*

Thus, in order for Fokker Aircraft BV to come within the coverage of the statute it must have, in person or through an agent, regularly done or solicited business in the state of Georgia, engaged in a persistent course of conduct with Georgia, or derived substantial revenue from sales in Georgia.

■ The complaint alleged that defendants Fokker Aircraft USA, Fokker Aircraft BV, and Fokker BV designed, manufactured, distributed, and sold the airplane which caused plaintiff's injuries. Plaintiff also submitted exhibits which indicate Fokker Aircraft USA is a wholly-owned subsidiary of Fokker Aircraft BV, Fokker Aircraft USA is licensed to do business in Georgia, and Fokker Aircraft USA provides Fokker Aircraft BV with marketing, sales and support of certain Fokker aircraft in the United States. Fokker Aircraft USA sold the airplane involved to Piedmont Airlines. The contract of sale indicates that Piedmont is obligated to pay certain taxes incurred by Fokker Aircraft BV; work done on the airplane pursuant to the contract is performed by or on behalf of Fokker Aircraft BV at Fokker Aircraft BV's plant; Fokker Aircraft BV provides field service representatives to advise Piedmont on aircraft maintenance and spare parts; and Fokker Aircraft BV provides training courses at its training facilities.

The parties agree that the airplane involved in this matter was manufactured by Fokker Aircraft BV and sold to Piedmont Airlines through Fokker Aircraft USA. The plane was sold by Fokker Aircraft BV to Fokker Aircraft USA in Amsterdam and then Fokker Aircraft USA resold the airplane to Piedmont Airlines. Defendant submitted an affidavit which states that Fokker Aircraft BV is a Dutch corporation, with its principal offices located in Amsterdam, The Netherlands; Fokker Aircraft

---

1. When *Flint* was remanded to the Georgia Court of Appeals, the court stated:

    In *Coe & Payne Co. v. Weed–Mosaic Corp.*, [230 Ga. 58, 60, 195 S.E.2d 399 (1973)], the Supreme Court had expressed the view that our long-arm statute authorized the exercise of jurisdiction over nonresident defendants 'to the maximum extent permitted by procedural due process.' In its decision in the present case, the Supreme court would appear to have abandoned that view and to have adopted the position that our long-arm statute is not susceptible to such an interpretation. However, since *Coe & Payne* was not overruled, clarification of the Supreme Court's position on this important issue will have to await a future litigation.

    *Flint v. Gust*, 184 Ga.App. 242, 242, 361 S.E.2d 722 (1987)

BV holds title to certain inventory of spare parts which are located in a Georgia warehouse which is operated by Fokker Aircraft USA; all sales of aircraft by Fokker Aircraft BV are made in The Netherlands; Fokker Aircraft BV transacts no business within Georgia; Fokker Aircraft BV advertises in some national trade magazines but does not do or solicit business in Georgia; Fokker Aircraft BV does not derive any revenue from goods used or consumed or services rendered in Georgia; Fokker Aircraft BV does not own, use, or possess any real property situated within Georgia; Fokker Aircraft BV does not maintain an office in Georgia, nor does it have any employees or agents in Georgia; and Fokker Aircraft BV is not and never has been licensed to do business in Georgia.

When a motion to dismiss for lack of personal jurisdiction is submitted for decision without an evidentiary hearing "the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, nonresident defendant." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988), *citing Delong v. Washington Mills*, 840 F.2d 843, 845 (11th Cir.1988) and *Bracewell v. Nicholson Air Service, Inc.*, 748 F.2d 1499, 1504 (11th Cir.1984). "A prima facie case is established if the plaintiff presents sufficient evidence to defeat a motion for a directed verdict. The district court must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits or deposition testimony." *Id.*

Under this standard, plaintiff has made a *prima facie* showing that defendant Fokker Aircraft BV committed a tortious injury in this state which was caused by an act or omission outside the state. He has also made a *prima facie* showing that Fokker Aircraft BV, through its subsidiary Fokker Aircraft USA, engages in a persistent course of conduct with the state. Fokker Aircraft BV not only advertised in national trade publications and held title to certain spare parts kept in Georgia, it also utilized a subsidiary distributor who regularly does and solicits business in Georgia. The court finds that although Fokker Aircraft BV and Fokker Aircraft USA have separate corporate identities, it is appropriate in these circumstances to consider Fokker Aircraft USA the "agent" of Fokker Aircraft BV in the context of the Georgia long arm statute. As the Georgia Court of Appeals stated when conducting a due process analysis in *Jet America:*

'To the extent that [the defendant's] business may be directly affected by transactions occurring here it enjoys benefits from the laws of this State, and it has undoubtedly benefitted, to a degree, from the protection which our law has given to the marketing of [its product]. Where the alleged liability arises, as in this case, from the manufacture of products presumably sold in contemplation of use here, it should not matter that the purchase was made from an independent middleman or that someone other than the defendant shipped the product into this state.

'With the increasing specialization of commercial activity and the growing interdependence of business enterprises it is seldom that a manufacturer deals directly with consumers in other States. The fact that the benefit he derives from its laws is an indirect one, however, does not make it any the less essential to the conduct of his business; and it is not unreasonable, where a cause of action arises from alleged defects in his product, to say that the use of such products in the ordinary course of commerce is sufficient contact with this State to justify a requirement that he defend here.'

*Jet America*, 145 Ga.App. at 260–61, 243 S.E.2d 584, quoting *Gray v. American Radiator & Standard Sanitary Corp.*, 22 Ill.2d 432, 176 N.E.2d 761 (1961); *see Oswalt v. Scripto, Inc.*, 616 F.2d 191, 198–202 (5th Cir.1980); *Burton v. Subaru of America, Inc.*, 646 F.Supp. 78, 79–81 (N.D.Ga. 1986); *Coca-Cola Co. v. Proctor & Gamble Co.*, 595 F.Supp. 304, 306–09 (N.D.Ga. 1983); *Thornton v. Toyota Motor Sales U.S.A., Inc.*, 397 F.Supp. 476, 480–83 (N.D. Ga.1975); *see generally Moon v. Yancy*, 186 Ga.App. 19, 19–21, 366 S.E.2d 357 (1988). Fokker Aircraft BV accordingly

falls within the terms of the Georgia long arm statute.

█ This determination does not resolve the issue before the court, as personal jurisdiction must not only be proper under the forum state's long arm statute but also meet due process requirements. *Hayes*, 541 F.Supp. at 416–17. To determine whether the exercise of personal jurisdiction over the defendant is consistent with due process, the court must engage in a two-part analysis:

First, the defendant must purposefully establish sufficient 'minimum contacts' with the forum state to satisfy due process requirements.... Unilateral action by the plaintiff or a third party cannot create the requisite 'minimum contacts.' ... Rather, the defendant must perform 'some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' ... Second, a forum's exercise of personal jurisdiction over a defendant must comport with 'traditional notions of fair play and substantial justice.'

*See Morris v. SSE*, 843 F.2d at 492 (footnotes and citations omitted). The mere facts that a defendant has placed a product into the stream of commerce and that it can foresee that it will eventually reach the forum state are insufficient to establish jurisdiction over the defendant. *Asahi Metal Industry Co. v. Superior Court of California, Solano County*, 480 U.S. 102, 107 S.Ct. 1026, 1032–33, 94 L.Ed.2d 92 (1987) (plurality opinion); *see Morris v. SSE*, 843 F.2d at 492–93. There must be an action by the defendant which is purposefully directed toward the forum state, such as "designing the product for the market in the forum State, advertising in

the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State." *Id.*

█ In the case before the court, defendant Fokker Aircraft BV has taken actions which were purposefully directed toward the forum state. It has advertised in national publications, some of whose audience is presumably in Georgia.[2] More importantly, it markets its product through a distributor which services its products exclusively and is licensed to do business in Georgia. These facts establish the requisite "substantial connection" between defendant and the forum state which make the exercise over of jurisdiction over defendant consistent with "traditional notions of fair play and substantial justice." *Cf. Morris v. SSE, Inc.*, 843 F.2d at 493–94. Defendant Fokker Aircraft BV's motion to dismiss for lack of personal jurisdiction is accordingly DENIED.

*Motion to Dismiss for Insufficient Service of Process*

█ The Netherlands is a signatory to the Convention On The Service Abroad Of Judicial And Extrajudicial Documents in Civil Or Commercial Matters (the Hague Convention), *reprinted foll.* 28 U.S.C.A. Fed.R.Civ.P. 4 (West Supp.1988). The Hague Convention provides a method of judicial service to residents of signatory nations.[3] It states that each signatory shall designate a central authority which will undertake to receive incoming requests for service. Requests for service are to be sent to the designated central authority in a specified form. Once the request is received by the central authority:

2. Defendant has not argued that these magazines were not sold or did not appear in Georgia during the period in question. *Cf. Morris v. SSE, Inc.*, 843 F.2d at 494.

3. Contrary to defendant's argument, the procedures provided in the Hague Convention are not the only methods by which service can be perfected in signatory nations. "As long as the nation concerned has not, in its ratification or

in any other part of its law, imposed any limits on other methods—such as those that [Fed.R. Civ.P.] 4 supplies, whether in subdivision (i) or anywhere else—these others remain available and the Convention and its local implementing materials serve as supplements." 1985 Practice Commentary foll. 28 U.S.C.A. Fed.R.Civ.P. 4 (West 1988 Supp.); *see Ackermann v. Levine*, 788 F.2d 830, 838–40 (2nd Cir.1986).

[t]he Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either—

(a) by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or

(b) by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed.

Subject to sub-paragraph (b) of the first paragraph of this article, the document may always be served by delivery to an addressee who accepts it voluntarily.

\* \* \* \* \* \*

*Id.* at 122, Article 5.

Plaintiff attempted service by completing an appropriate request form (United States Marshal USM Form 94) and sending his request by registered mail to the designated central authority for The Netherlands. The authority returned a certificate of attestation which stated, in relevant part:

The undersigned authority has the honor to certify, in conformity with Article 6 of the Convention,

1) that the document has been served
—the (date) June 26, 1987
—at (place, street, number) Hoogoorddreef 15, Amsterdam
—in one of the following methods authorised by article 5—

(a) In accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.
(b) In accordance with the following particular method: _____-
_____

(c) by delivery to the addressee, who accepted it voluntarily.

(French translation omitted). Item 1(c) was circled, indicating the complaint was served "by delivery to the addressee, who accepted it voluntarily." The certificate of attestation also stated:

The documents referred to in the request have been delivered to:

—(identity and description of person) K. Lagerweg
—relationship to the addressee (family, business or other): in service of addressee

(French translation omitted). The central authority also returned a "Certificate of Delivery" which also indicated that materials had been delivered on June 26, 1987, to K. Lagerweg "who declared to be in service of addressee and willing to deliver the letter." A signature and the stamp of "Fokker B.V." were at the bottom of the certificate, below a line which stated, "The legal letter, meant in this certificate, has been handed over to me."

Defendant submits an affidavit by Klaas Lagerwey, the executive-manager of mail distribution for Fokker Aircraft BV. Lagerwey avers that he received the complaint and summons through the mail. Defendant also submits the affidavit of one of the counsel in its legal department. This counsel avers that service of process by mail is not a recognized form of service of process in The Netherlands.

Under Article 5 of the Hague Convention, service may be made by delivery to an addressee who accepts it voluntarily unless this method of service is incompatible with the law of the nation to which the delivery is addressed. It is clear in this instance that the complaint was delivered to defendant Fokker Aircraft BV and that its employee accepted it voluntarily. It also appears that the form of service utilized is compatible with the law of The Netherlands. The Netherlands did not give any indication when it adopted the Hague Convention that it objected to service by mail. Note 16 foll. The Hague Convention, *reprinted foll.* 28 U.S.C.A. Fed.R.Civ.P. 4 (West Supp.1988). Defendant has not pointed to any provision in the internal law of The Netherlands which would suggest that service by mail violates a deeply-rooted local policy of that nation; the mere fact that the internal laws of The Netherlands make no provision for service of process by mail is insufficient to demonstrate that any use of the mails for service is incompatible with the law of The Netherlands. *See Ack-*

*ermann v. Levine,* 788 F.2d 830, 838–840 (2nd Cir.1986); 1985 Practice Commentary foll. 28 U.S.C.A. Fed.R.Civ.P. 4 (West 1988 Supp.), at 103–05. In addition, the fact that the central authority responsible for service of judicial documents chose to use service by mail is persuasive evidence that service through the mail is compatible with the law of The Netherlands. The court accordingly finds that the service of process upon Fokker Aircraft BV was consistent with Article 5 of the Hague Convention. Defendant Fokker Aircraft BV's motion to dismiss for insufficiency of process is therefore DENIED.

It is hereby ORDERED that defendant Fokker Aircraft USA's motion to amend the prior order is DENIED; defendant Fokker Aircraft BV's motion to dismiss for lack of personal jurisdiction is DENIED; and defendant Fokker Aircraft BV's motion to dismiss due to insufficient service of process is DENIED.

SO ORDERED.