**Robert W. URSPRUCH, Surviving Spouse and Executor of the Estate of Debra A. Urspruch, Deceased, Plaintiff,**

**v.**

**Jesse S. GREENBLUM, M.D., P.A., d/b/a Fernandina Beach OB/GYN, a Florida Corporation, E. William McGrath, Jr., M.D., Herbert Ichinose, M.D., a Louisiana Professional Medical Corporation, and United States of America, Defendant.**

Civil Action No. CV296–71.

United States District Court,
S.D. Georgia,
Brunswick Division.

Dec. 23, 1996.

---

John S. Myers, St. Marys, GA, Joshua A. Whitman, Jacksonville, FL, for Plaintiff.

William T. Stone, Cole, Stone, Whitaker & Stoudemire, P.A., Jacksonville, FL, for Jesse S. Greenblum, E. William McGrath, Jr.

M. Lynn Frey, III, Wallace Eugene Harrell, Gilbert, Harrell, Gilbert, Sumerford & Martin, P.C., Brunswick, GA, Stewart E. Niles, Jr., Michael L. Dubos, Jones, Walker, Waechter, Poitevent, Carrare & Denegre, New Orleans, LA, for Herbert Ichinose.

Kenneth D. Crowder, U.S. Attorney, Augusta, GA, for U.S.

Chilton Davis Varner, King & Spaulding, Atlanta, GA, for SmithKline Beecham Clinical Laboratories, Inc.

M. Lynn Frey, III, Gilbert, Harrell, Gilbert, Sumerford & Martin, P.C., Brunswick, GA, for Dermatopathology, Inc.

### ORDER

ALAIMO, District Judge.

Plaintiff, Robert W. Urspruch, brings this claim against various defendants, including Herbert Ichinose, M.D., a Professional Medical Corporation ("Ichinose APMC"), alleging that they were negligent in failing to detect cervical cancer in his wife, which caused her death. Currently before the Court is a motion by Ichinose APMC to dismiss the claims brought against it for lack of personal jurisdiction. For the reasons stated below, the motion to dismiss will be **DENIED.**

### FACTS

Plaintiff's wife, Debra Urspruch ("Debra"), received medical care at the Kings Bay Naval Submarine Base Medical Clinic ("Medical Clinic"), which is located at Kings Bay, Georgia, from September, 1989 through September, 1994. (Pl.'s Mem. of Law in Supp. Opp'n to Def. Ichinose's Mot. to Dismiss for Lack of Personal Jurisdiction at 1.) On August 5, 1993, Debra went to the Medical Clinic for her annual gynecological exam, at which time a PAP smear was performed. The PAP smear test results were reported as "normal." (*Id.* at 2.) Debra, however, was diagnosed with invasive squamous cell carcinoma of the cervix (cervical cancer) in September, 1994, and subsequently died on October 3, 1995, as a result of the cancer metastasizing. (*Id.* at 1.)

Kings Bay contracted with Dermatopathology, Inc., a Louisiana corporation, to provide cytology and pathology support services to the Medical Clinic. Beverly Ichinose, wife of Herbert Ichinose, negotiated and executed this contract. (Mem. in Supp. of Mot. to Dismiss for Lack of Personal Jurisdiction Pursuant to FRCP 12(b)(2) at 6.) Pursuant to the contract, Dermatopathology screened all PAP smear specimens and prepared cytology reports that were sent to the Medical Clinic. In 1993, nearly 2,300 specimens were sent to Dermatopathology for screening. (Pl.'s Mem. of Law in Supp. Opp'n to Def. Ichinose's Mot. to Dismiss for Lack of Personal Jurisdiction at 6.) Dermatopathology employed several cytologists who screened the specimens. In addition, Dermatopathology contracted with Ichinose APMC to provide pathology support.

Although separate corporate entities, Dermatopathology and Ichinose APMC share the same address and telephone number. (*Id.* at 4.) At the time that Debra's cytology report was prepared, Herbert Ichinose was the President and sole shareholder of Dermatopathology. (*Id.*) Herbert Ichinose also was the President of Ichinose APMC. (*Id.*) Beverly Ichinose was the secretary/treasurer of Ichinose APMC. (*Id.*)

Debra's PAP smear specimen was forwarded to Dermatopathology for screening, in accordance with its contract with Kings Bay. Plaintiff alleges that Ichinose APMC screened the specimen and prepared the cytology report. (Pl.'s Mem. of Law in Supp. Opp'n to Def. Ichinose's Mot. to Dismiss for Lack of Personal Jurisdiction at 2.) The cy-

tology report was printed on a standard form bearing Ichinose APMC's letterhead, and Herbert Ichinose's name appeared at the bottom of the report under a line designated "Pathologist." (*Id.* Ex. A.) Ichinose APMC, conversely, alleges that the cytology report was not prepared by Ichinose APMC, but rather was prepared by Jose Dardano, a cytotechnologist employed by Dermatopathology. (Mem. in Supp. of Mot. to Dismiss for Lack of Personal Jurisdiction Pursuant to FRCP 12(b)(2) at 2.) Jose Dardano's name also appears at the bottom of the report under a line designated "Cytologist," but no reference to Dermatopathology is made anywhere on the report.

## DISCUSSION

### I. Standard of Review

■■ Ichinose APMC moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Plaintiff, as the party invoking the jurisdiction of the Court, bears the burden of establishing the Court's jurisdiction over a nonresident defendant. *Atlanta Gas Light Co. v. Semaphore Advertising, Inc.*, 747 F.Supp. 715, 721 (S.D.Ga.1990) (citation omitted). In the absence of an evidentiary hearing, Plaintiff satisfies his burden by making out only a *prima facie* case of jurisdiction. *Francosteel Corp. v. M/V Charm*, 19 F.3d 624, 626 (11th Cir.1994) (*"Francosteel II"*). A *prima facie* case is established if the plaintiff presents sufficient evidence to withstand a motion for directed verdict.[1] *Id.* Accordingly, the Court must consider the evidence in the light most favorable to the nonmovant, and all reasonable inferences must be drawn in favor of the nonmovant. *Id.* (citing *MacPherson v. University of Montevallo*, 922 F.2d 766, 770 (11th Cir.1991)).

### II. Personal Jurisdiction

■ "In a diversity action, a federal court may assert jurisdiction over a nonresident defendant only to the extent permitted by the long-arm statute of the forum State, and only if the exercise of jurisdiction comports with the requirements of the Due Process Clause of the Fourteenth Amendment." *Francosteel Corp. v. M/V Charm*, 825 F.Supp. 1074, 1076 (S.D.Ga.1993) (citation omitted) (*"Francosteel I"*), *aff'd. Francosteel II*, 19 F.3d 624. The Court, therefore, has personal jurisdiction over Ichinose APMC if (1) Georgia's long arm statute permits the exercise of personal jurisdiction and (2) the requirements of due process are satisfied.

### A. Georgia's Long Arm Statute

■■ Georgia's long arm statute provides that personal jurisdiction may be exercised over any nonresident who commits a tortious injury in Georgia caused by an act outside of Georgia, if the tortfeasor "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from ... services rendered in [Georgia]." Ga.Code Ann. § 9–10–91(3) (Michie 19). The long arm statute has been interpreted as conferring personal jurisdiction to the maximum extent allowed by due process. *E.g., Francosteel II*, 19 F.3d at 627. "When the courts of the forum State have interpreted the forum's long-arm statute to confer jurisdiction to the limits allowed by federal due process, state law need not be applied: [the Court] need only ask whether the exercise of jurisdiction over the nonresident defendant comports with due process." *Francosteel I*, 825 F.Supp. at 1077 (citation omitted). Accordingly, the Court need only address due process concerns with respect to the exercise of personal jurisdiction over Ichinose APMC.

### B. Due Process

■ A two-prong test is used to determine if the exercise of personal jurisdiction over a nonresident comports with due process. First, the nonresident purposefully must have established minimum contacts with the forum State. *See World–Wide Volkswagen*

---

1. In considering a motion for directed verdict, if the Court believes that reasonable persons exercising impartial judgment could not arrive at a contrary verdict, then the Court must grant a directed verdict. However, if reasonable persons exercising impartial judgment could reach different conclusions, then it is improper for the Court to grant a directed verdict. *Francosteel II*, 19 F.3d at 626–27 (citing *MacPherson v. University of Montevallo*, 922 F.2d 766, 770 (11th Cir. 1991)).

*Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 562, 62 L.Ed.2d 490, 501 (1980); *Francosteel II,* 19 F.3d at 627. Second, the exercise of jurisdiction must not offend the "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945); *Francosteel II,* 19 F.3d at 627.

### 1. Minimum Contacts

■ Sufficient minimum contacts exist if (1) the contacts are related to the plaintiff's cause of action or give rise to it, (2) the contacts involve some act by which the nonresident purposefully avails itself of the privilege of conducting activities within the forum, and (3) the contacts are such that the nonresident should reasonably anticipate being hauled into court in the forum. *Francosteel II,* 19 F.3d at 627.

■ Ichinose APMC contends that it has no contacts with the State of Georgia. (Mem. in Supp. of Mot. to Dismiss for Lack of Personal Jurisdiction Pursuant to FRCP 12(b)(2) at 5.) Specifically, Ichinose APMC claims that it was not involved in either the execution or subsequent modifications to the contract between Dermatopathology and Kings Bay, it did not screen Debra's specimen, and it has never had any communications with State of Georgia. (*Id.* at 8.)

The Court, however, is persuaded that Ichinose APMC indeed does have contacts with the State of Georgia. Since all reasonable inferences must be made in favor of the nonmovant, the Court is bound to find that Ichinose APMC prepared Debra's cytology report. Plaintiff alleges that Ichinose APMC prepared the report, and this allegation has factual support since the report bears only Ichinose APMC's letterhead and Herbert Ichinose's name appears below.

The Court is further persuaded that the contacts Ichinose APMC has with the State of Georgia are sufficient to exercise jurisdiction. First, the contacts are related to Plaintiff's cause of action since the cytology report was relied upon by Debra's doctors in making their diagnosis. Second, Ichinose APMC purposefully has availed itself of the privilege of conducting activities within Georgia. The fact that every cytology report was prepared on a form bearing Ichinose APMC's letterhead indicates that Ichinose APMC was involved in the screening of specimens received from the Medical Clinic. It is implausible that Ichinose APMC allowed its letterhead to be printed on every medical report, but yet had no involvement with their preparation. Furthermore, Ichinose APMC must have known that these reports were being sent to the Medical Clinic, given the numerous close ties between Ichinose APMC and Dermatopathology. In allowing the cytology reports to be printed on a form bearing its letterhead, Ichinose APMC represents to the recipients of such reports that it has screened the specimen sample. Ichinose APMC receives benefits from this arrangement, in the form of increased business and circulation of its name to the public. Third, Ichinose APMC reasonably should expect to be brought into court in Georgia. Ichinose APMC does not contend that it never screens specimens received from the Medical Clinic and, thus, it is logical to conclude that it screened such samples since it contracted with Dermatopathology to provide pathology support services. Again, it also is logical to conclude that Ichinose APMC knew that the medical reports it prepared were sent to the Medical Clinic located at Kings Bay, Georgia. Ichinose APMC, therefore, should reasonably expect that it may have to answer to a suit filed in a court in Georgia.

### 2. Fair Play and Substantial Justice

■ Exercise of personal jurisdiction over a nonresident also must not offend the traditional notions of fair play and substantial justice. A number of factors are considered to determine the reasonableness and fairness of the exercise of jurisdiction, including (1) the burden on the nonresident, (2) the interest of the forum State, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversies, and (5) the shared interest of the States in furthering fundamental substantive social policies. *World–Wide Volkswagen,* 444 U.S. at 292, 100 S.Ct. at 564, 62 L.Ed.2d at 498;

*see Vermeulen v. Renault, U.S.A., Inc.,* 985 F.2d 1534, 1551 (11th Cir.1993).

Consideration of all of the above factors weighs in favor of the Court's exercise of personal jurisdiction over Ichinose APMC. The burden on Ichinose APMC is slight since Herbert Ichinose must travel only a short distance from Louisiana. Moreover, the interest of Georgia in resolving this dispute is manifest since it has a compelling interest in protecting its residents from receiving negligent medical care. Judicial economy and efficiency also dictate that Ichinose APMC remain in this suit, thus avoiding the necessity of Plaintiff filing a duplicative action in Louisiana.

## CONCLUSION

The Court has considered both parties' positions and arguments carefully. The Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to FRCP 12(b)(2) is **DENIED.**